**David KING, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 6472.

United States Court of Appeals First Circuit.

May 28, 1965.

Joseph S. Oteri, Boston, Mass., for appellant.

Edward J. Lee, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, BREITENSTEIN,* Circuit Judge, and GIGNOUX, District Judge.

ALDRICH, Chief Judge.

■ The defendant having been found guilty by a jury of a narcotic offense, and having admitted, orally, that this made him a second offender, the court sentenced him forthwith as such without awaiting the government's written filing of a copy of his prior conviction pursuant to 26 U.S.C. § 7237(c) (2). This rapidity was out of consideration for the defendant, so that he would not have to serve "bad time" before the commencement of his minimum sentence. If it was error, any prejudice has been removed by the government's subsequent compliance with the statute.

■ The only question of moment is whether the grand and petit juries properly represented "a cross-section of the community." Thiel v. Southern Pacific Co., 1946, 328 U.S. 217, 220, 66 S.Ct. 984, 90 L.Ed. 1181. It appears by stipulation that the jury commissioners had made the omissions from the venire which we held not to be error in Gorin v. United States, 1 Cir., 1963, 313 F.2d 641, cert. den. 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed. 2d 1052, and in Katz v. United States, 1 Cir., 1963, 321 F.2d 7, cert. den. 375 U.S. 903, 84 S.Ct. 193, 11 L.Ed.2d 144, and some others in addition. Jurors were drawn from 29 cities and towns, including Boston. As to Boston, only, the list from which the commissioners selected had been compiled by the Boston election commissioners and apparently omitted all persons exempted from jury duty by the Massachusetts statute. Mass. G.L. c. 234 § 1. It omitted, accordingly, persons between the ages of 21 and 25, and over the age of 70, whom the federal statute would have included. 28 U.S.C. § 1861.

The difference in viewpoint between ages 21 and 25 would not seem to us of any great significance. Nor would there seem to be any substantial effect upon the composition of a jury as a result of eliminating such persons over 70 as might be competent to stand duty. We regard it as highly speculative whether the decisional outlook of such excluded persons would be different than that of persons a mere few years older, or a few years younger. The mere fact that there might be fewer young persons on the jury, and fewer of the oldest, than the exact proportion of such persons existing in the community does not of itself make a jury nonrepresentative. Cf. Hoyt v. Florida, 1961, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed. 2d 118. In this particular case any consequences were particularly minimal, as the elimination of these two age groups has not been shown to have occurred

---

* By Designation.

other than from the Boston drawings. Even this has not been shown to have been deliberate.

The government, quite properly, points out that we need not reverse simply to impress upon the district court the inadvisability of accepting the Massachusetts jury exemptions as appropriate in the federal court. Cf. King v. United States, 8 Cir., 1948, 165 F.2d 408, cert. den. 334 U.S. 848, 68 S.Ct. 1499, 92 L.Ed. 1771. It calls our attention to the fact that the district court, upon discovery of this hiatus in the lists supplied by local authorities, has taken steps to assure that future juries will be drawn from the broader age bases.

The judgment of the district court will be affirmed.