UNITED STATES of America

v.

Scott Allen NOLAND.

Crim. A. No. SA73CR76.

United States District Court,
W. D. Texas,
San Antonio Division.

Nov. 20, 1973.

William S. Sessions, U. S. Atty., Joel Conant, Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

Hugh S. Lowe, Austin, Tex., for defendant.

## ORDER

SPEARS, Chief Judge.

On this the 20th day of November, 1973, came on to be considered the defendant's motion for reduction of sentence illegally imposed in the above styled and numbered cause. This motion is governed by Rule 35 of the Federal Rules of Criminal Procedure.

A jury found the defendant guilty of violating 21 U.S.C. § 846, conspiracy to possess with intent to distribute 426 grams of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); and 18 U.S.C. § 2, aiding and abetting the possession of said substance.

On October 23, 1973, this Court sentenced the defendant to confinement for a period of ten years with a 20 year special parole on each count, the sentences to run concurrently. The defendant was sentenced pursuant to the provisions of 21 U.S.C. § 841(b)(1)(B), which provides enhanced penalties for second and subsequent convictions of the narcotics laws. The maximum sentence which can be imposed under the enhancement provisions of that statute is a term of ten years confinement, a fine of not more than $30,000, and a special parole term of at least four years, in addition to the term of imprisonment.

The defendant's motion, as stated in open court, alleges that the sentence imposed is illegal and improper under the law, in that the government failed to file an information which complied with the requirements of 21 U.S.C. § 851(a); and therefore, the maximum penalty that could be assessed for either of the

two counts involved would be five years confinement and/or a $15,000 fine, plus a special parole term of at least two years in addition to the term of imprisonment.

21 U.S.C. § 851(a)(1) states:

"No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States Attorney files an information with the Court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. * * * "

The United States Attorney in this case did not file the required information with the Court until October 24, 1973, one day after the imposition of sentence. The defendant's allegation would, therefore, seem to be that no increased sentence can be imposed unless there has been strict compliance with the procedure outlined in 21 U.S.C. § 851(a)(1).

On October 27, 1970, 21 U.S.C. § 851 became effective as part of the Comprehensive Drug Abuse and Control Act of 1970, 21 U.S.C. § 801 et seq., and it repealed and replaced the prior enhancement statute, 26 U.S.C. § 7237. In summary, § 7237(c)(2) required that the United States Attorney advise the Court, after conviction, but prior to the pronouncement of sentence, of any prior conviction that would qualify the defendant for punishment as a second offender.

The purpose of 26 U.S.C. § 7237(c)(2) was to allow the defendant an opportunity in open court to affirm or deny that he was the person previously convicted, and thus, to protect the defendant from the effects of a prior conviction incorrectly charged. Baca v. United States, 312 F.2d 510, 513 (10th Cir. 1962), cert. denied, 373 U.S. 952, 83 S.Ct. 1682, 10 L.Ed.2d 706 (1963).

In substance, the two statutes are substantially the same; however, § 851 takes into account the changes in the law since 1954, and affords the defendant the opportunity to claim that the conviction relied upon was invalid. The defendant in this case does not claim that the conviction relied upon was invalid, nor does he dispute the fact that he is the person who was convicted. His claim is that there was not strict compliance with the procedures outlined in the statute. However, the courts have held that the failure to file an information in strict compliance with the procedure outlined in 26 U.S.C. § 7237(c)(2) was harmless error when the late filing did not result in prejudice to the defendant. Knight v. United States, 225 F.2d 55 (9th Cir.), cert. denied, 350 U.S. 890, 76 S.Ct. 148, 100 L.Ed. 784 (1955); United States v. Duhart, 269 F.2d 113, 116 (2d Cir. 1959); and King v. United States, 346 F.2d 123, 124 (1st Cir. 1965). After conducting an exhaustive review of the legislative history of the Comprehensive Drug Abuse Control Act of 1970, this Court has found nothing to indicate that Congress intended 21 U.S.C. § 851(a) to be interpreted any differently than the courts construed 26 U.S.C. § 7237(c)(2).

The factual circumstances of this case lead this Court to conclude that the government's procedural error did not result in the defendant being in any way prejudiced. On April 16, 1973, during the arraignment proceedings at which he was represented by counsel, Mr. Noland was informed by the Assistant United States Attorney of the maximum penalties that could be imposed upon conviction, or a plea of guilty. The penalties recited to Mr. Noland, which he acknowledged that he fully understood, were the enhanced penalties provided for in 21 U.S.C. § 841(b)(1)(B) applicable only to second and subsequent offenders. Thus Mr. Noland was at the time of the arraignment put on notice of the government's intention to ask for enhanced punishment upon conviction.

On May 18th, 1973, at a hearing on the defendant's motion to reduce the amount of bond, the defendant called his

mother to the stand to testify in his behalf. Mrs. Noland testified, in her son's presence, that the defendant had twice been arrested for the manufacture of dangerous drugs, once in 1968, and again in 1969. The Court then discussed with the defendant's attorney the testimony given by Mrs. Noland with respect to her son's criminal record. The defendant's attorney at no time disputed the correctness of Mrs. Noland's testimony. Later at the same hearing during a colloquy between the Court and the attorneys, defense counsel pointed out that he had learned after consulting with the defendant that one of his client's two prior convictions was for manufacturing methamphetamine hydrochloride, which under federal statutes is a felony; and the other was for a misdemeanor.

On September 27, 1973, subsequent to the return of the jury's verdict and almost one month prior to sentencing, the defendant admitted under oath in open court that he had previously been convicted of the manufacture of methamphetamine. Mr. Noland gave the following testimony while being cross-examined by the Assistant United States Attorney:

Q. Did you plead guilty to the manufacture of methamphetamine (in November, 1969)?

A. Yes, sir, I did, later.

At the sentencing hearing on October 23, 1973, prior to the pronouncement of sentence by the Court, the following colloquy occurred between the Court and the defendant:

THE COURT: On November 2, at Denver, Colorado, you were charged with being a manufacturer of dangerous drugs. You pleaded guilty, sentenced on June 5, 1970 under Section 5010(b) of the Youth Corrections Act, released from Englewood Federal Correctional Institution on October 1, 1971 to the Colorado State Reformatory; detainer and federal parole was extended until May 24, 1976. . . . Is that correct, what I read?

MR. NOLAND: Yes, sir.

The record thus reflects that the defendant was apprised of the government's intention to ask for enhanced penalties on several occasions prior to trial; that at the hearing on May 18th, 1973, the Court was made fully aware of defendant's prior narcotics convictions by the uncontradicted testimony of the defendant's own witnesses; that the defendant admitted and affirmed under oath after trial the correctness of his previous conviction, which is identical to that alleged by the government in the information filed with the Court on October 24, 1973; and that the defendant again affirmed the correctness of his entire criminal record during allocution at the time of sentencing. The defendant has not and clearly cannot claim prejudice as a result of the government's procedural error. This motion, which was made by the defendant's counsel immediately upon pronouncement of sentence, would belie any assertion of surprise on the part of the defendant or his counsel.

The Fifth Circuit has held that when the defendant has in open court, unequivocally affirmed his identity with the person previously convicted, that there had been substantial compliance with 26 U.S.C. § 7237(c)(2). Good v. United States, 410 F.2d 1217, 1221–1222 (5th Cir. 1969), cert. denied, 397 U.S. 1002, 90 S.Ct. 1131, 25 L.Ed.2d 413 (1970).

Therefore, it appearing to the Court that there has been substantial compliance with the provisions of 21 U.S.C. § 851, requiring the filing of an information, the Court is of the opinion and finds that the defendant's motion to reduce sentence should be, and the same is, in all things, overruled.

The defendant, of course, shall be given credit for any time that he has actually served in custody pending his trial and sentencing.