UNITED STATES of America

v.

Alex METRO, Defendant.

No. 71 Crim. 302.

United States District Court,
S. D. New York.

Oct. 8, 1976.

OPINION

GURFEIN, Circuit Judge (sitting by designation):

Alex Metro moves *pro se* for an order adjusting his sentence of 20 years' imprisonment imposed by this court on February 14, 1972 as a second offender. He urges that the court failed to comply with 21 U.S.C.A. § 851(a)(1), Pub.L. No. 91–513, § 411(a)(1). The court will treat the motion

*pro se* as having been made under Fed.R. Crim.P. 35 which permits the court to correct an illegal sentence at any time.

The issue raised is novel but the solution does not appear to be difficult. Metro was indicted on March 16, 1971 on three counts of violating 21 U.S.C. §§ 173 and 174. He was sentenced on February 14, 1972. The statute for violation of which he was convicted, insofar as it dealt with punishment for second offenders, was 26 U.S.C. § 7237(a) that provided:

> For a second offense [relating to narcotic drugs and marijuana], the offender shall be imprisoned not less than 5 or more than 20 years and, in addition, may be fined not more than $20,000. For a third or subsequent offense, the offender shall be imprisoned not less than 10 years or more than 40 years and, in addition, may be fined not more than $20,000.

Metro had been convicted for the sale of narcotics in 1963 (64 Crim. 34), and in 1965 by a plea of guilty. The procedure under the old § 7237 was strictly followed by the court as Metro, in effect, concedes. That section, § 7237(c)(2), provided that *after conviction,* but before pronouncement of sentence, the court shall be advised by the United States Attorney whether the conviction is the offender's first or a subsequent offense. (Emphasis added). If it is not a first offense, the United States Attorney shall file an information setting forth the prior convictions. "The offender shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. . . ."

In this case, after conviction by the jury but before pronouncement of sentence, the United States Attorney did file an information setting forth the prior convictions. On an allocution by the court, Metro admitted that he was the person who had been convicted for the prior offenses. That is all that was necessary at the time.

Metro raises the question, however, of whether the procedure involved in 21 U.S.C. § 851 should not have been applied. Under that section, "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless *before trial,* or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." It is further provided that if an information is filed before trial the court shall, after conviction but before pronouncement of sentence, inquire of the person with respect to whom the information was filed whether he confirms or denies that he has been previously convicted as alleged in the information. As we have seen, Metro admitted his prior convictions, and the only question is whether the failure of the United States Attorney to file an information *before* trial made his sentence an illegal one. I need not consider whether the technical omission by the United States Attorney would have been waived by Metro's admission (cf. *Good v. United States,* 410 F.2d 1217, 415 F.2d 771 (5th Cir. 1969), *cert. denied,* 397 U.S. 1002, 90 S.Ct. 1131, 25 L.Ed.2d 413 (1970); *King v. United States,* 346 F.2d 123 (1st Cir. 1965)) for I have concluded that 21 U.S.C. § 851 was not applicable and that Metro was properly sentenced under 26 U.S.C. § 7237.

On October 27, 1970, the statutory provisions relating to narcotics violations contained in 21 U.S.C. §§ 173 and 174 were repealed by Pub.L. No. 91–513, The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq.* The repeal was not effective until May 1, 1971 and contained a savings clause, Pub.L. No. 91–513, § 1103, 84 Stat. 1294, which provided that "(a) Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof." The substance of § 1103 may be found in the annotation to 21 U.S. C.A. §§ 171 and 174.

By virtue of this savings clause, § 7237 (which was repealed by § 1101(b)(4)(A)) was saved, for "[p]rosecutions occurring prior to

the effective date" of May 1, 1971. Since Metro was indicted March 16, 1971, the repeal did not affect the second offender procedure applicable to his prosecution for violations of §§ 173 and 174 of Title 21.

Metro argues, however, that there is an inconsistency. He contends that 21 U.S.C. § 851, which was enacted as Title II of Pub.L. No. 91–513, § 411, was to become effective on May 1, 1971 and that he was not sentenced until February 14, 1972 and therefore that § 851 applies.

I find no inconsistency in the statutes. Section 851 deals only with persons who stand convicted "of offenses under this part." "This part," means Part D of Title II of Pub.L. No. 91–513, The Comprehensive Drug Abuse Prevention and Control Act, *codified at* 21 U.S.C. §§ 841–51. On its face, § 851 could not apply to Metro's conviction since that was under the old Narcotic Drugs Import and Export Act, 21 U.S.C. §§ 173 and 174.

Although I have treated the motion as timely under Rule 35, on the alleged ground that it deals with an illegal sentence, it may well be that this is not an illegal sentence as much as allegedly "a sentence imposed in an illegal manner" which would have had to be filed within 120 days after the sentence was imposed.

The motion is denied.