**Donald Charles WILSON, Petitioner,**

v.

**Donald E. CLUSEN, Warden, Respondent.**

**Civ. A. No. 73-C-405.**

United States District Court, E. D. Wisconsin.

Nov. 5, 1976.

Robert J. Lerner, Milwaukee, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen., by William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This petition for issuance of a writ of habeas corpus, in which the petitioner challenges the validity of the jury panel from which his jury was drawn, is before the court on the pleadings and the briefs of counsel. Jurisdiction is founded on 28 U.S.C. § 2241, et seq. For the reasons stated below, the petition will be denied.

The petitioner Donald Charles Wilson is presently in the custody of the respondent warden and is serving a term of life impris-onment for the crime of first degree murder and a consecutive indeterminate term of not more than fifteen years for the crime of attempted armed robbery. The petitioner was convicted of those crimes on October 16, 1971, in the Circuit Court of Kenosha County, Wisconsin, the Honorable Harold M. Bode, Circuit Judge, presiding. On October 21, 1971, the petitioner was sentenced to the above terms of imprisonment. The conviction was subsequently affirmed by the Wisconsin Supreme Court in *Wilson v. State*, 59 Wis.2d 269, 208 N.W.2d 134 (1973).

The petitioner contends that due to systematic exclusion of particular age groups from jury service, the composition of the 1971 Kenosha jury panel failed to meet the Sixth and Fourteenth Amendment requirement of a panel drawn from a fair cross section of the community. The petitioner further contends that conclusions of the trial court and the Wisconsin Supreme Court with regard to the validity of the jury panel are not fairly supported by the record. See 28 U.S.C. § 2254(d)(8). The respondent argues that age has not been given judicial recognition as a classification which must be represented in order to satisfy the fair cross-section requirement, and, alternatively, that even if it were so recognized, the disproportion alleged here does not amount to constitutional error.

Because petitioner has claimed that the conclusions of both the trial court and the Wisconsin Supreme Court are not fairly supported by the record, a brief recital of the history and substance of petitioner's claim of an invalid jury panel is in order. In late September 1971, prior to petitioner's trial, an evidentiary hearing was held on petitioner's motion challenging the 1971 Circuit Court jury list for Kenosha County and any panel drawn therefrom. The petition claimed the jury commissioners systematically excluded from the jury list blacks and persons aged 21 to 34 years.[1] At the hearing, the petitioner's expert offered sta-

---

1. It was conceded by petitioner's counsel at trial that the claimed exclusion of blacks was without merit because of a failure to make out a prima facie case. The petitioner is not now

tistics from a survey he conducted.[2] Following the hearing, the trial court ruled that petitioner, by merely showing lack of proportional representation as disclosed by a 10% sampling of the rolls for the years 1969 to 1971, inclusive, had not met his burden of establishing a prima facie case of discrimination, and the trial court denied petitioner's motion. The Wisconsin Supreme Court in *Wilson,* supra, upheld the trial court's ruling and injected some confusion into this matter as to the basis for its affirmance by stating at page 283, 208 N.W.2d at page 142:

> "Even though it might be concluded that the sampling conducted did not make out a prima facie case of disproportionate representation of the twenty-one to twenty-four and twenty-five to thirty-four age groups, there is no question but what the state clearly met its burden in showing no systematic exclusion. * * * "

For purposes of this petition, I do not find it helpful to cast the question in terms of shifting burdens of proof. The relevant inquiry here is whether or not the claimed disproportion in the jury panel amounts to constitutional error. Without deciding the validity of the statistics offered by the petitioner's expert at the pretrial hearing, this Court will assume their validity for purposes of this petition. The surveys and figures supplied by petitioner's expert, Dr. Durenne, indicate that for the year 1971,

approximately 30% of the over 21 population in Kenosha County were in the 21 to 34 age bracket, and approximately 20% of the jury panel were persons in that age bracket. In light of the most recent case law in this area, including *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), and *Chase v. United States,* 468 F.2d 141 (7th Cir. 1972), the latter decision involving the specific category of age disproportion in jury panels, I find that the age disproportion claimed here is not constitutionally impermissible.

There has as yet been no judicial recognition that systematic discrimination as to age would in itself render a jury panel constitutionally defective. In *Chase v. United States,* supra, involving the Federal Jury Selection and Service Act of 1968, the Seventh Circuit Court of Appeals did not reach the question of whether the federal statutory requirement of selection from a cross section of the community has application to age brackets. The Court did, however, find it "significant that the Supreme Court's enumeration [in *Thiel v. Southern Pacific Co.,* 328 U.S. 217, 220, 66 S.Ct. 984, 90 L.Ed. 1181 (1946)] of the components of a cross section of the community—'economic social, religious, racial, political and geographical groups'—fails to mention age groups." *Chase v. United States,* supra, at 146.

Other federal courts have expressed doubt as to the viability of age brackets as

alleging that the jury panel was racially disproportionate, but seeks to show only that persons in the age bracket of 21 to 34 were unconstitutionally underrepresented.

2. Petitioner, through his expert witness Dr. Durenne, introduced the following statistics, *inter alia,* at the pretrial hearing:

In 1970, the census for Kenosha County showed that there were 68,515 persons over 21 years of age of which:

30.8% were in the 21 to 34 year old group and

69.2% were in the 35 and over group.

The 1969 jury list contained 434 persons. Derenne called 43 of these people and found that among the 43 he called:

4.7% (or two people) were in the 21 to 34 year old group, and

95.3% (or 41 people) were in the 35 and over group.

In the 1970 jury list, on which there were approximately 1,000 names to be placed in the tumbler, approximately 100 persons were called of which:

14.9% were in the 21 to 34 year old group and

85.1% were in the 35 and over group.

The 1971 jury list, the year in which petitioner's jury was drawn, contained approximately 1,058 persons. Of 105 contacted by Dr. Durenne, he found:

19.6% were in the 21 to 34 year old group and

80.4% were in the 35 and over group.

distinct and cognizable groups in the satisfaction of the fair cross-section requirement. See *United States v. DiTommaso*, 405 F.2d 385 (4th Cir. 1968); *King v. United States*, 346 F.2d 123 (1st Cir. 1965); *United States v. Greene*, 160 U.S.App.D.C. 21, 489 F.2d 1145 (1973); *United States v. Ross*, 468 F.2d 1213 (9th Cir. 1972); *United States v. Kahn*, 472 F.2d 272 (2d Cir. 1973), and *United States v. Kuhn*, 441 F.2d 179 (5th Cir. 1971). It should be pointed out that all these cases involved federal juries, subject to the federal statute, but that it has been noted that the federal statutory standard is higher than the constitutional standard. *United States v. Guzman*, 337 F.Supp. 140 (S.D.N.Y.1972).

However, even assuming, arguendo, the validity of petitioner's figures and the recognition of age is a distinct and necessary classification for purposes of determining whether a panel represents a fair cross section of the community, the petitioner's statistical evidence is insufficient to raise an inference of constitutionally impermissible age discrimination. In *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), the United States Supreme Court declared unconstitutional provisions of the Louisiana constitution which provided that a woman should not be selected for jury service unless she had previously filed a written declaration of her desire to be subject to jury service. Even though the jury selection system did not on its face disqualify women from jury service, the Court noted at page 525, 95 S.Ct. at page 695:

" * * * [I]n operation its conceded systematic impact is that only a very few women, grossly disproportionate to the number of eligible women in the community, are called for jury service. * * "

In that particular case, no women were on the venire from which the petit jury was drawn, even though women constituted 53% of the eligible jurors. The Court stressed that they were confronted with a case of systematic *exclusion* and warned at pages 537–538, 95 S.Ct. at page 701:

"Our holding does not augur or authorize the fashioning of detailed jury selection codes by federal courts. The fair cross section principle must have much leeway in application. * * * But, as we have said, Louisiana's special exemption for women operates to exclude them from petit juries * * *."

In contrast, the instant case does not involve an outright exclusion of a claimed class, but rather involves an allegedly disproportionate representation. The statistics supplied by petitioner's expert indicate that for the year 1971, the year in which petitioner's jury panel was drawn, approximately 30% of the over 21 population was in the 21 to 34 age bracket, and approximately 20% of the jury panel was comprised of persons in that age bracket. I find that such is a substantial representation of persons in the age bracket of 21 to 34 and does not constitute a violation of petitioner's right to a jury trial by a fair cross section of the community under the Sixth and Fourteenth Amendments to the United States Constitution.

NOW, THEREFORE, IT IS ORDERED that the petition of Donald Charles Wilson for the issuance of a writ of habeas corpus be and it hereby is denied.