UNITED STATES of America,
Plaintiff-Appellee,

v.

Scott Allen **NOLAND**, Defendant-Appellant.

No. 73–3786.

United States Court of Appeals,
Fifth Circuit.

June 10, 1974.

Hugh S. Lowe, Austin, Tex. (Court-appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., Joel D. Conant, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Convicted on two drug counts carrying a maximum penalty of five years each, Scott Allen Noland was given enhanced concurrent sentences of ten years on each count by reason of a prior drug felony conviction. Noland appeals the enhanced portion of his sentence on the sole ground that the United States attorney filed with the District Court an information for enhancement one day after sentencing, rather than prior to trial as required by 21 U.S.C.A. § 851. In

this case, apparently the first to be decided under this new enhancement section passed in 1970, we hold that strict compliance by the Government with the statutory filing requirement is a prerequisite for an enhanced sentence. We therefore set aside so much of the sentence as resulted from enhancement. We affirm the conviction, however, finding that defendant's challenge to the venue of the trial is unfounded, and that any prejudice resulting from the prosecutor's instructions to certain potential witnesses not to talk to the defense was removed by countermanding those instructions in sufficient time to permit defense counsel to prepare his case for trial.

## I.

Prior to the passage of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. § 801 et seq., the procedure for enhancement for narcotics and marijuana convictions was contained in 26 U.S.C. § 7237(c)(2) (1964) which provided that the United States attorney advise the court *after conviction* whether the conviction is the offender's first or subsequent offense, and "[i]f it is not a first offense, the United States attorney shall file an information setting forth the prior convictions." The section then gave the offender the opportunity to affirm or deny his identity as the prior offender, and if he denied it, sentence was postponed until a trial by jury on the issue of identity. The section then provided that second offenders "shall be" given enhanced sentences in excess of the sentence that would be given a first offender.[1]

---

1. 26 U.S.C. § 7237(c)(2)(1964), 50 Stat. 569, provided:

    After conviction (but before pronouncement of sentence) of any offense the penalty for which is provided in subsection (a) or (b) of this section, subsection (c) or (h) of section 2 of the Narcotic Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, the court shall be advised by the United States attorney whether the conviction is the offender's first or a subsequent offense. If it is not a first offense, the United States attorney shall file an infor-

mation setting forth the prior convictions. The offender shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. If he denies the identity, sentence shall be postponed for such time as to permit a trial before a jury on the sole issue of the offender's identity with the person previously convicted. If the offender is found by the jury to be the person previously convicted, or if he acknowledges that he is such person, he shall be sentenced as prescribed in subsection (a) or (b) of this section, subsection

In several cases under this provision, the courts held that an enhanced sentence would not be set aside because of technical defects in procedure, if there had been substantial compliance with the statutory purposes of advising the court of past convictions and of permitting the offender to deny and litigate his identity as the person previously convicted. Good v. United States, 410 F.2d 1217, 415 F.2d 771 (5th Cir. 1969), cert. denied, 397 U.S. 1002, 90 S.Ct. 1131, 25 L.Ed.2d 413 (1970) (defendant admitted previous conviction at sentencing hearing in response to question from the court); King v. United States, 346 F.2d 123 (1st Cir. 1965) (after admitting prior conviction, defendant was sentenced prior to filing of information); United States v. Bell, 345 F.2d 354 (7th Cir.), cert. denied, 382 U.S. 882, 86 S.Ct. 175, 15 L.Ed.2d 123 (1965) (court vacated first offender sentence and imposed enhanced sentence on Government's motion to vacate and for leave to file information); United States v. Duhart, 269 F.2d 113 (2d Cir. 1959) (enhanced sentence vacated and reimposed after discovery that no information had been filed); Knight v. United States, 225 F. 2d 55 (9th Cir.), cert. denied, 350 U.S. 890, 76 S.Ct. 148, 100 L.Ed. 784 (1955) (Government advised court of defendant's prior convictions, which defendant admitted, but did not file information).

The above provision was repealed effective May 1, 1971 by the Comprehensive Drug Abuse and Control Act of 1970. Pub.L.No.513, §§ 1101(b)(4)(A), 1105(a), 84 Stat. 1292, 1295. Section 411 of that Act, 21 U.S.C.A. § 851, enacted the present procedure for establishing previous convictions. Section 851 opens with the provision that

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

The section continues by providing that the court may postpone the trial or the taking of the plea for the purpose of allowing the United States attorney to obtain facts regarding prior convictions, upon a showing that such facts cannot be obtained with due diligence prior thereto.[2] These are the critical provi-

---

(c) or (h) of such section 2, or such Act of July 11, 1941, as amended, as the case may be.

**2. § 851.** *Proceedings to establish prior convictions—Information filed by United States Attorney*

(a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

(2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

*Affirmation or denial of previous conviction*

(b) If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sen-

sions to this appeal. The required information stating Noland's prior conviction was not filed until one day after sentencing. With the precedent of the cases cited above, such procedure would have complied with the prior Act sufficiently to permit the enhanced sentence to stand. But it clearly did not comply with the language of the present controlling Act, and the question posed to us is whether that lack of compliance matters when Noland admitted his conviction at the sentencing hearing and has never in this case challenged its validity. Only after the ten-year sentences were pronounced did the defendant move to reduce them to the maximum allowable for first offenders on the ground the Government had not filed the information as required by section 851. After the motion was served, the Government filed the information and the District Court

subsequently denied the motion to reduce sentence.

Neither party has cited to us any cases decided after this section became effective in 1971. The thrust of prior law, which required minimum sentences, was mandatory enhancement. The United States attorney was *required* to advise the court whether the defendant was a first offender. The court was *required* to enhance the sentence of a multiple offender, whether or not the prosecutor or the court thought enhancement desirable or necessary. It was in this context of congressionally ordained mandatory enhancement that prior cases upheld enhanced sentences despite procedural defects which did not infringe the defendant's right to deny and litigate his status.

The legislative history of the Comprehensive Drug Abuse Prevention and

---

tence is imposed may not thereafter be raised to attack the sentence.

*Denial; written response; hearing*

(c)(1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section. The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any is-

sue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

*Imposition of sentence*

(d)(1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.

(2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the United States attorney, postpone sentence to allow an appeal from that determination. If no such request is made, the court shall impose sentence as provided by this part. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

*Statute of limitations*

(e) No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

Control Act of 1970 reveals that one major goal of the Act was to make more flexible the penalty structure for drug offenses. The purpose was to eliminate "the difficulties prosecutors and courts have had in the past arising out of minimum mandatory sentences." [3] Mandatory minimum sentencing was abolished to permit greater prosecutorial and judicial flexibility.

In keeping with this purpose, the new statutory scheme contemplates prosecutorial discretion to seek enhancement. The new procedure for establishing previous convictions reflects this change in the nature of enhancement. Section 851 provides that *no person shall be sentenced to increased punishment unless* the United States attorney files the requisite information before trial or the taking of a guilty plea. Since the information must state the previous convictions "to be relied upon" it is obvious that the prosecutor is permitted to select which previous drug felony convictions the Government will rely upon. Both of these provisions of section 851 demonstrate that it is up to the United States attorney to seek enhancement if sentence is to be enhanced.

In granting this discretion to the prosecution, Congress imposed a strict condition on its exercise. Section 851 is phrased in mandatory language. The words "[n]o person . . . shall be sentenced to increased punishment . . . unless . . . ." restrict the court's authority to impose enhanced sentences to cases where the information is filed with the court and served on the defendant before trial. The importance of the time of filing is emphasized *first,* by section 851's provision for postponement of the trial if the United States attorney cannot obtain the evidence of previous conviction in time, and *second,* by the provision for rectification of clerical mistakes in the information at any time before sentencing, suggesting that they may not be corrected after sentence is pronounced. This latter provision clearly militates against filing after sentence, as was done in this case.

The Government's argument that Noland was not surprised by the enhanced sentence carries no weight in the face of the plain words of the statute. Admittedly, Noland was advised at arraignment that he could receive ten years on each count. Further, he knew of his previous conviction from the outset, never challenged its validity in this case, and admitted it at the sentencing hearing. Finally, the District Court received pretrial notice of Noland's record at a bail hearing. But the statute prohibits an enhanced sentence unless the Government seeks it and requires that to obtain enhancement, the Government must file an information prior to trial. Provision for enhanced sentencing is a legislative decision, and the procedure the legislature prescribes to effectuate its purpose must be followed.

Noland's concurrent sentences must therefore be reduced to the statutory

---

3. The House Committee on Interstate and Foreign Commerce, in reporting on the House bill, the version ultimately passed, explained the reasons for revising the penalty structure:

The foregoing sentencing procedures [penalties revised by the Act] give maximum flexibility to judges, permitting them to tailor the period of imprisonment, as well as the fine, to the circumstances involved in the individual case.

The severity of existing penalties, involving in many instances minimum mandatory sentences, have led in many instances to reluctance on the part of the prosecutors to prosecute some violations, where the penalties seem to be out of line with the seriousness of the offense. In addition, severe penalties, which do not take into account individual circumstances, and which treat casual violators as severely as they treat hardened criminals, tend to make convictions somewhat more difficult to obtain. The committee feels, therefore, that making the penalty structure in the law more flexible can actually serve to have a more deterrent effect than existing penalties, through eliminating some of the difficulties prosecutors and courts have had in the past arising out of minimum mandatory sentences.

H.Rep.No.91–1444, 91 St.Cong., 2d Sess., 1970 U.S.Code Cong. & Admin.News, pp. 4566, 4576.

maximum of five years on each count, to run concurrently.

## II.

Contrary to Noland's suggestion that the conviction should be reversed because of improper venue of the trial, a criminal defendant does not have a constitutional right to trial in his home district. *See* Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964); *cf.* U.S.Const. art. III, § 2, cl. 3 & amend. VI. While there may be cases where failure to hold a trial in a defendant's home district would work such a hardship on him as to constitute a denial of due process, this is not one of them. Under Federal Rule of Criminal Procedure 21(b), a motion for change of venue is addressed to the sound discretion of the District Court. United States v. Lyles, 471 F.2d 1167 (5th Cir. 1972); Addison v. United States, 317 F.2d 808 (5th Cir. 1963), cert. denied, 376 U.S. 905, 84 S.Ct. 658, 11 L.Ed.2d 605 (1964). We are satisfied that there was no abuse of discretion here. Noland's allegations that he was charged with a related crime in the District of Colorado; that his principal counsel was there; that he and his parents, who financed his defense, resided there; and that his schooling there would be interrupted by trial in Texas, are not so compelling as to show an abuse of discretion in the District Court's denying the motion to transfer the trial from Texas to Colorado. Noland alleged that witnesses in Colorado would be inconvenienced by trial in Texas. The trial judge stated he would make a final ruling on this contention when Noland provided a list of witnesses and a summary of their anticipated testimony. No list was tendered. Under

the circumstances, Noland failed to demonstrate specific facts from which the District Court could have concluded that the convenience of witnesses and the interest of justice required transfer. Lindberg v. United States, 363 F.2d 438 (9th Cir. 1966); *see* United States v. Kelly, 467 F.2d 262 (7th Cir. 1972), cert. denied, 411 U.S. 933, 93 S.Ct. 1905, 36 L.Ed.2d 393 (1973).

## III.

Lastly, Noland was not denied a fair trial by misconduct on the part of the assistant United States attorney in charge of the case. The government contends that even though counsel may have acted improperly in forcing a defense investigator to stop questioning certain potential defense witnesses in the middle of his interrogation and in telling the witnesses not to talk to the defense, Noland has suffered no prejudice. Four days after the incident, following a meeting with the defense attorney, Government counsel gave the defense attorney a note reading:

To Whom It May Concern:

The bearers of this note have my permission to discuss the facts concerning the case in which Stephen Kidder and/or Susan Rigsby are potential witnesses.

Joel D. Conant

This cured any prejudice resulting from the incident, in the context of this case. After securing the note, appellant's attorney never attempted to re-interview the affected witnesses and nothing in the record indicates they would not have discussed the case with the defense, if requested.

Affirmed and remanded for reduction of sentence.