**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gregory CELAYA–GARCIA,
Defendant-Appellant.**

No. 78–5052.

United States Court of Appeals,
Fifth Circuit.

Nov. 3, 1978.

William R. Alford, Jr., New Orleans, La. (Court-appointed), for defendant-appellant.

John P. Volz, U. S. Atty., Earl N. Vaughan, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before JONES, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Defendant Gregory Celaya-Garcia was found guilty of conspiracy, possession and distribution of heroin in violation of 21 U.S.C. §§ 841 and 846. On appeal defendant contends that the district court abused its discretion in denying his motion to transfer the trial to the Southern District of California. Second, defendant insists that his Sixth Amendment right of confrontation was violated when taped statements of coconspirators were admitted, even though the coconspirators were not available for cross-examination. Finally, defendant asserts that the admission of testimony regarding drug transactions that occurred subsequent to the sales charged in the indictment was error. We affirm.

██ Defendant claims that the trial should have been transferred to California because the criminal acts charged against defendant took place in Los Angeles, and that the preparation of defendant's case was prejudiced by the inconvenience of conducting the trial in New Orleans, Louisiana. Our review of the district court's decision to deny defendant's Fed.R.Crim.P. 21(b)[1] motion is limited to determining if an abuse of discretion has occurred. *See, e. g., United*

*States v. Walker*, 5 Cir., 1977, 559 F.2d 365, 372. Evidence admitted at trial revealed that the existence of the conspiracy including defendant was first discovered in New Orleans, and that defendant sold heroin to Gus Marchand in California with the knowledge that Marchand intended to sell the drug in New Orleans. The district judge's expression of concern regarding compliance with the Speedy Trial Act does not constitute an abuse of discretion, as significant delay could well have accompanied the transfer to California. In any case, defendant has not shown that any substantial right has been affected, and has relied instead on allegations of possible alibi witnesses that amount to no more than bare speculation.[2] Defendant's complaint concerning the Government's expansion of the time in which the heroin transaction involving defendant took place is also meritless, as the allegations of prejudice are equally speculative.[3]

██ Defendant's claim regarding his right to confront his alleged coconspirators is groundless. The taped conversations between defendant's coconspirators Marchand and Guadalupe Yaney-Monje were properly admitted under Fed.R.Evid. 801(d)(2)(E), as statements by coconspirators during the course and in furtherance of the conspiracy.[4] The final contention is that the dis-

---

1. Fed.R.Crim.P. 21(b) provides:
   For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to him or any one or more of the counts thereof to another district.

2. In *United States v. Noland*, 5 Cir., 1974, 495 F.2d 529, 534, the court addressed a similar situation. The defendant's claim was rejected because of the failure to demonstrate specific facts indicating "that the convenience of witnesses and the interest of justice required transfer." *Id.*
   It should be noted that despite defendant's protest regarding the difficulty of obtaining alibi witnesses from Southern California, four alibi defense witnesses from Southern California testified at trial.

3. The indictment charged that the conspiracy began "on or about" December 20, 1976. The Government later learned that the heroin transaction occurred several days prior to December 20, 1976, and a supplemental response to the

bill of particulars was accordingly filed. The defendant was not prejudiced by the original "on or about" language.

4. Fed.R.Evid. 801(d)(2)(E) provides:
   (d) Statements which are not hearsay.—A statement is not hearsay if—
   (2) Admission by party opponent.—The statement is offered against a party and is
   . . . .
   (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.
   Defendant's reliance on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) and *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970) is misplaced, as those cases involved statements by coconspirators made after the conspiracies had ceased. *See United States v. Archbold-Newball*, 5 Cir., 1977, 554 F.2d 665, 677 (distinguishing *Bruton* and *Evans* from situations involving coconspirators' statements admissible

trict court improperly admitted testimony regarding a heroin transaction involving defendant and his coconspirators on February 17, 1977, approximately two months after the transaction charged in the indictment. This evidence was properly admitted without a cautionary instruction as it demonstrated the continuing plan of the conspiracy. *See United States v. Netterville*, 5 Cir., 1977, 553 F.2d 903, 918; *United States v. Perez*, 5 Cir., 1973, 489 F.2d 51, 70.

AFFIRMED.

under Fed.R.Evid. 801(d)(2)(E)). Defendant's insistence that the prejudicial effect of the coconspirators' statements outweighed the probative value is also without merit. The "extraneous comments" concerning other drug-related activities of defendant are no more than ambiguous references, and have not been shown to be evidence of crimes outside the conspiracy of which defendant was a part.

Under the circumstances, it is not necessary that we discuss appellant's argument that the Sixth Amendment right of confrontation is violated here by the Federal Rules of Evidence.