**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Julius Cecil OLSON,**
**Defendant-Appellant.**

No. 83-7096
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 3, 1983.

David B. Byrne, Jr., Robison & Belser, P.A., Montgomery, Ala., Fletcher N. Baldwin, Jr., Gainesville, Fla., for defendant-appellant.

Charles R. Niven, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

Appellant Olson was charged and convicted under four counts: Count I, conspiracy to import marijuana, 21 U.S.C. Sec. 963; Count II, importation of marijuana, 21 U.S.C. Sec. 952(a) and Sec. 960(a)(1); Count III, conspiracy to possess with intent to distribute marijuana, 21 U.S.C. Sec. 846; Count IV, possession with intent to distribute marijuana, 21 U.S.C. Sec. 841(a)(1).

He was sentenced as follows: Count I, five years; Count II, five years followed by a special parole term of two years; Count III, ten years; Count IV, ten years to be followed by a special parole term of four years. Sentences under all four counts were to run concurrently.

Olson appealed and this court affirmed his conviction. 670 F.2d 185, *cert. denied*, 458 U.S. 1110, 102 S.Ct. 3493, 73 L.Ed.2d 1373 (1982).

Appellant then timely filed a motion to correct sentence pursuant to F.R.C.P. 35(a). He asserted that the sentences of ten years' imprisonment under Counts III and IV and four years' probation under Count IV were enhanced sentences,[1] imposed because of his past convictions on drug related offenses, and alleged that such sentences could be only imposed by compliance with 21 U.S.C. Sec. 851, and that Sec. 851 had not been complied with. He asserted that he must be resentenced as a first offender, that is, without enhancement of sentence, citing *U.S. v. Noland*, 495 F.2d 529 (5th Cir.1974), *cert. denied*, 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974).

Sec. 851 provides:

(a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

The "information" referred to here is, of course, an information in the legal sense: a complaint or accusation presented against a person and charging a criminal offense, filed at the discretion of a proper law officer of the government but without the intervention of a grand jury. In short, it is a formal charge of a criminal offense. It differs from an indictment in that it is presented by a competent public officer and supported by his oath of office, rather than presented by a grand jury on its oath.

Under Sec. 851(b), if the United States attorney files an information under this section, the court, after conviction but before pronouncement of sentence, shall inquire of the defendant whether he affirms or denies that he has been previously convicted as alleged and shall inform him that any challenge to a prior conviction that is not made before sentence is imposed may not thereafter be raised to attack the sentence. Under (c)(1), if the defendant denies any allegation of the information or claims that any conviction alleged is invalid, he must file a written response and serve it on the United States attorney, and the court must hold a hearing to determine the issues raised by the response. If the defendant claims that a conviction alleged in the information was obtained in violation of the Constitution of the United States, he must set forth his claim and the factual basis thereof.

None of these steps provided by Sec. 851 occurred. The United States attorney filed no information. The court then, of course, did not inquire of the defendant whether he affirmed or denied prior convictions as alleged by the United States attorney, or inform him that if he did not challenge these convictions before sentence he could not challenge them later, nor did he file a written denial under (c)(1).

The United States filed a written response to Olson's motion to correct sentence conceding that Sec. 851 had not been complied with and that appellant must be resentenced as a first offender.

---

1. The prison terms were doubled.

Despite the government's concession the district court denied the motion for correction of sentence. Its denial is based upon the harmless error rule, Fed.R.Crim.P. 52(a):

(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

The court's conclusion that Olson's "substantial rights" were not "affected" appears to be based on two grounds. First, he was not surprised when he was given a second offender sentence because the record shows that he knew that he was a multiple offender and was subject to punishment as such. The court set out that when Olson was arraigned the court explained that, as to Count IV, punishment was as follows: "if it is the second such offense, you could be fined not more than thirty thousand dollars and sentenced to not more than ten years, or both, with a special parole term of not less than four years at the end of such sentence." The court also stated that when it was addressing defendant, presumably at sentencing, it mentioned his completion of a course concerning narcotics and dangerous drugs, his institutional adjustment in correctional institutions, his conviction of three felonies in less than ten years, and a parole revocation that might result from the present conviction. The district court's second ground was that if an information had been filed and served upon Olson as required by Sec. 851, it would have imposed the same sentence; therefore, Olson suffered no prejudice.

Before this court the government again concedes that appellant's position is correct:

Because the United States failed to file the information required by Title 21, Section 851, United States Code, this appeal is controlled by the clear precedent of United States v. Noland, 495 F.2d 529 (5th Cir.1974). Therefore, the United States is compelled to concede that the decision of the trial court is to be reversed and appellant sentenced as a first offender.

Brief of the United States at 3. The government notes, id. at 4, that the "no surprise" ground given by the district court was rejected in Noland: "the panel decision [in Noland] rejected the same arguments made by the government as the trial court [in the present case] used in his finding of harmless error." Id.

The Government's argument that Noland was not surprised by the enhanced sentence carries no weight in the face of the plain words of the statute. Admittedly, Noland was advised at arraignment that he could receive ten years on each count. Further, he knew of his previous conviction from the outset, never challenged its validity in this case, and admitted it at the sentencing hearing. Finally, the District Court received pretrial notice of Noland's record at a bail hearing. But the statute prohibits an enhanced sentence unless the Government seeks it and requires that to obtain enhancement, the Government must file an information prior to trial. Provision for enhanced sentencing is a legislative decision, and the procedure the legislature prescribes to effectuate its purpose must be followed.

Noland, 495 F.2d at 553.

The government's concession might well be the end of this case, but since the district court did not accept the government's concession filed with it and addressed the matter at length, we shall do so also.

The doctrine of harmless error does not apply. As the court pointed out in Noland, the statutory scheme providing for enhanced sentences contemplates prosecutorial discretion to seek enhancement, with discretion in the United States attorney to select which drug felony convictions the government will rely upon. "[I]t is up to the United States' attorney to seek enhancement if sentence is to be enhanced." 495 F.2d at 533. Moreover, Noland pointed out that "Congress imposed a strict condition on [the] exercise" of prosecutorial discretion, in that Sec. 851 is phrased in mandatory language: "[n]o person . . . shall be sentenced to increased punishment . . . unless. . . ." Id. This language restricts the

court's authority to impose enhanced sentences to cases where the information is filed with the court and served on the defendant before trial.

This procedure is in sharp contrast to that in effect before passage of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. Sec. 801 et seq. The previous provisions for enhancement in drug cases, 26 U.S.C. Sec. 7237(c)(2) (1964), required the United States attorney to advise the court after conviction whether the conviction was a first or a subsequent offense, and, if it was not a first offense he was required to file an information setting out the prior conviction(s). If the prior offenses were found to have been committed, the court was required to give an enhanced sentence. The 1970 Act abolished the mandatory strictures on prosecutor and court.

> The legislative history of the Comprehensive Drug Abuse Prevention and Control Act of 1970 reveals that one major goal of the Act was to make more flexible the penalty structure for drug offenses. The purpose was to eliminate "the difficulties prosecutors and courts have had in the past arising out of minimum mandatory sentences." Mandatory minimum sentencing was abolished to permit greater prosecutorial and judicial flexibility. (footnote omitted).

*Noland*, 495 F.2d at 532–33. The court noted in *Noland, id.* at 533 n. 3, that one of Congress' reasons for adopting a flexible approach was prosecutorial reluctance to prosecute where the mandatory penalties seemed to be out of line with the seriousness of the offense.

In *U.S. v. Cevallos*, 538 F.2d 1122, 1125 n. 4 (5th Cir.1976) (*Cevallos I*), the Fifth Circuit construed *Noland* to have held that failure to file the information prior to trial deprived the court of jurisdiction to impose an enhanced sentence.[2] The court applied this jurisdictional concept in distinguishing between failure to comply with Sec. 851(a),

which deprives the court of power to impose an enhanced sentence on remand, and failure to comply with Sec. 851(b), which requires resentencing because the sentence is illegal but permits the court, because it has jurisdiction, to impose an enhanced sentence. 538 F.2d at 1128.

An enhanced sentence is a special remedy prescribed by the Congress; prosecutorial discretion is vested in the executive branch of the government, and the district court has no authority to exercise it or pretermit it. As we have pointed out, Congress advisedly vested this discretion in the prosecutor. Unless and until prosecutorial discretion is invoked and the government files and serves an information as required by Sec. 851, the district court has no power to act with respect to an enhanced sentence; it can no more enhance the sentence than it could impose imprisonment under a statute that only prescribes a fine. Harmless error cannot give the district court authority that it does not possess.

Even if harmless error were applicable, the record does not justify a conclusion that Olson's substantial rights were not affected. We do not know whether the executive branch would have exercised its prosecutorial discretion. We do not know whether some of Olson's prior convictions could have been proved invalid. In *Cevallos I* the court noted the purposes and the significance of Sec. 851(b), whose provisions were never triggered in the present case:

> One purpose of Sec. 851(b) is to insure that a defendant knowingly and voluntarily waives his right to challenge the previous conviction used to enhance his sentence before that conviction becomes immune from challenge by operation of the enhancement statute. The ritual required by Sec. 851(b) is a functional one, and its omission can result in very real prejudice to a defendant who learns only after he attempts to challenge the prior

---

**2.** In *Cevallos I* the court expressed doubt that, even if an information had been filed as required by Sec. 851(a), substantial rather than full compliance with subsection (b) requirements would suffice. 538 F.2d at 1127.

conviction that that conviction has become unassailable.

538 F.2d at 1128.

The district court suggests that *Noland* is a doubtful precedent because it conflicts with Rule 52(a) and with 28 U.S.C. Sec. 2111, which provides:

**Harmless error.** On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.

We reaffirm the decisions in *Noland, U.S. v. Garcia,* 526 F.2d 1958 (5th Cir.1976), *Cevallos I,* and *U.S. v. Cevallos,* 574 F.2d 854 (1978) (*Cevallos II*). But even if these decisions were not to our tastes, they are binding upon this court and the district courts of this circuit until altered by this court en banc.

The case must be remanded and Olson's sentence reduced.

REMANDED for reduction of sentence.