935 F.2d 268
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Ricky LOCKLEAR, Defendant-Appellant.
 No. 90-7393.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1991.
Decided May 31, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-87-56)
 Roy Ricky Locklear, appellant pro se.
 G. Norman Acker, III, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 REVERSED AND REMANDED.
 Before K.K. HALL, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roy Ricky Locklear appeals the dismissal of his 28 U.S.C. Sec. 2255 motion alleging his sentence was improperly enhanced. Locklear was found guilty by a jury on November 12, 1987, of distribution of approximately one ounce of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) (1980). Because of prior drug-related convictions, he was sentenced to an enhanced term of thirty years imprisonment plus six years supervised release.
 
 
 2
 Locklear claims that the government failed to file and serve an information stating which prior drug-related conviction or convictions the government intended to rely on in seeking an enhanced sentence, as required by 21 U.S.C. Secs. 841(b)(1)(A) and 851(a). Without the government's both filing and serving this information, Locklear claims that the court did not have the authority to enhance his sentence. He also claims that the court failed to comply with the ritual mandated by Sec. 851(b), which requires the court to ask the defendant whether he affirms or denies the convictions and to warn him that a failure to challenge the prior convictions prior to the imposition of sentence will bar future collateral attacks on those convictions. Finally, he claims that his attorney was ineffective for failing to attack his enhanced sentence.
 
 
 3
 The district court held that three pre-trial documents, taken individually or collectively, satisfied the information requirement of Sec. 851(a). The first is the pre-trial services report, which was "made available" to the court and to Locklear's counsel at the detention hearing. Locklear's criminal record check was also admitted during the detention hearing.[1] In addition, the Assistant United States Attorney (AUSA), in arguing for detention, stated during the detention hearing that Locklear was facing an enhanced sentence:
 
 
 4
 The first thing I'd point out to the court is that, unlike most charges, under 841.A1 the penalties in this case are not twenty years, but thirty years, because he has been previously convicted of a drug felony in the State of North Carolina; that is noted on his record. So, he faces an enhanced sentence on these charges.
 
 
 5
 The second document purported to satisfy the information requirement is the magistrate judge's order of detention, in which the magistrate judge summarized Locklear's criminal history, found him to be a danger to the community, and ordered him detained.
 
 
 6
 The final document is the response to defendant's request for discovery, which was filed and served on the defendant. The document stated that "a certified copy of the defendant's criminal history in Robeson County was introduced into evidence at the defendant's detention hearing on September 22, 1987."
 
 
 7
 The district court stated that these documents informed Locklear "in writing the previous convictions to be relied upon" and that "Locklear was fully informed by the United States Attorney at the detention hearing that the government was seeking 'increased punishment by reason of one or more prior convictions.' " The court dismissed Locklear's second claim that the sentencing court failed to comply with Sec. 851(b) because it found that the section was substantially complied with and that Locklear suffered no prejudice from any noncompliance.
 
 
 8
 * The maximum punishment for distributing an ounce of cocaine at the time Locklear committed his offense was fifteen years and a fine of $25,000. See 21 U.S.C. Sec. 841(b)(1)(A) (1980). However, defendants with prior drug-related felony convictions were subject to twice this penalty. Id. To establish such a prior conviction, Sec. 851(a)(1) provides that
 
 
 9
 No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or the taking of the plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.
 
 
 10
 21 U.S.C. Sec. 851(a)(1) (1980). This section became effective in May 1971. The predecessor section was 26 U.S.C. Sec. 7237(c)(2), which required the United States attorney to file, after conviction but prior to sentencing, an information detailing any prior convictions. 26 U.S.C. Sec. 7237(c)(2) (1964). Before imposing the enhanced sentence, the court was required to ask the defendant whether he affirmed or denied he was the person previously convicted. Id.
 
 
 11
 Under the predecessor section, technical procedural defects were usually considered harmless error if there was substantial compliance with the section or if the defendant was not prejudiced. See, e.g., United States v. Harris, 592 F.2d 1058 (9th Cir.1979); Ruiz v. United States, 494 F.2d 1 (5th Cir.), cert. denied, 419 U.S. 899 (1974); Good v. United States, 410 F.2d 1217 (5th Cir.1969), cert. denied, 397 U.S. 1002 (1970); King v. United States, 346 F.2d 123 (1st Cir.1965); United States v. Scales, 249 F.2d 368 (7th Cir.1957), cert. denied, 356 U.S. 945 (1958); Knight v. United States, 225 F.2d 55 (9th Cir.), cert. denied, 350 U.S. 890 (1955); United States v. Kapsalis, 214 F.2d 677 (7th Cir.1954), cert. denied, 349 U.S. 906 (1955).
 
 
 12
 Following the changes implemented by Sec. 851(a), the language of the statute has been strictly construed so that a failure to comply with the filing and service requirements leaves the court without authority to impose an enhanced sentence. See, e.g., United States v. Noland, 495 F.2d 529, 533 (5th Cir.) (enhanced sentence could not be imposed because information was filed one day late, even though defendant was advised at arraignment he could get enhanced sentence and was aware of previous convictions and admitted validity at sentencing, and district court had received pretrial notice of prior criminal record), cert. denied, 419 U.S. 966 (1974).
 
 
 13
 Substantial compliance or harmless error are not valid arguments under Sec. 851(a). See United States v. Weaver, 905 F.2d 1466, 1481 (11th Cir.1990) (without filing and service of information before trial, enhanced sentence may not be imposed even when defendant was not surprised, knew from the outset he would receive enhanced sentence, never challenged validity of prior conviction, and admitted at sentencing hearing validity of prior conviction), cert. denied, 59 U.S.L.W. 3526 (U.S.1991); United States v. Williams, 899 F.2d 1526, 1529 (6th Cir.1990) (even if defendant agrees to enhanced penalty, enhanced term may not be imposed absent compliance with Sec. 851); United States v. Jordan, 810 F.2d 262, 268 (D.C.Cir.), cert. denied, 481 U.S. 1032 (1987); Gaertner v. United States, 763 F.2d 787, 790 (7th Cir.), cert. denied, 474 U.S. 1009 (1985); United States v. Olson, 716 F.2d 850, 851-53 (11th Cir.1983) (court deprived of jurisdiction to impose enhanced penalty when Sec. 851(a) not complied with even though defendant knew he was a multiple offender, possibility of enhanced sentence was explained at arraignment, and previous convictions were mentioned at sentencing); Hardy v. United States, 691 F.2d 39, 41-42 (1st Cir.1982); United States v. Gill, 623 F.2d 540, 542 (8th Cir.), cert. denied, 449 U.S. 873 (1980); United States v. Cevallos, 538 F.2d 1122, 1123-28 (5th Cir.1976); United States v. Garcia, 526 F.2d 958 (5th Cir.1976).
 
 II
 
 14
 None of the three documents relied upon by the district court satisfies the requirements of Sec. 851(a). The pre-trial services report was neither filed nor served, see Noland, 495 F.2d at 530; United States v. Carvajal-Minota, 706 F.Supp. 726 (N.D.Cal.1989), aff'd, 905 F.2d 1292 (9th Cir.1990), nor did the government state which conviction or convictions it intended to rely on. See United States v. Wirsing, 662 F.Supp. 199 (D.Nev.1987). The purpose of the report was to obtain a detention order, not to give notice of an intention to seek an enhanced sentence. Although the AUSA stated at the detention hearing that Locklear faced an enhanced sentence, such verbal notice is insufficient. See Olson, 716 F.2d at 852; Noland, 495 F.2d at 533. The second document, the detention order, was filed by the magistrate judge. Only the prosecutor may exercise discretion to seek an enhanced sentence by filing an information. See Noland, 495 F.2d at 533. Finally, the response to the request for discovery, although filed and served, neither stated that an enhanced sentence was being sought nor indicated which convictions the government intended to rely on. See Wirsing, 662 F.Supp. at 200.
 
 
 15
 Because the government failed to comply with Sec. 851(a), the district court lacked the authority to impose an enhanced sentence on Locklear. See Noland, 495 F.2d at 533. We therefore reverse and remand to the district court to modify Locklear's sentence to reflect that the enhanced portion of his sentence is stricken. Because he has obtained the relief he has requested, we need not decide the remainder of his claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 [1]
 Locklear's criminal record was as follows: possession of marijuana on 12/31/74; driving while impaired on 3/3/75; possession and manufacture of marijuana with intent to sell, possession of marijuana and receiving stolen goods on 2/6/76; possession of a firearm by a felon and carrying a concealed weapon on 7/20/80; operating a motor vehicle without financial responsibility, no registration, and driving while impaired on 4/4/84; and voluntary manslaughter, possession with intent to deliver cocaine and simple possession of cocaine on 8/14/84