IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 96-60173 & 96-60488

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERETT HATCHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC Nos. 1:92-CR-009-B-D & 3:94-CV-157-B

_____

July 15, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Everett Hatcher, federal prisoner #09612-042, was convicted of distributing LSD after pleading guilty to counts two and four of the indictment, which alleged violations of 21 U.S.C. §§ 841(a) and 841(b)(1)(C), and 21 U.S.C. §§ 841(a) and 843(b) respectively. We granted his motion for a certificate of appealability after the district court dismissed his 28 U.S.C. § 2255 petitions. The certificate limits the issues for appeal to two: whether the district court erred in enhancing his sentence for prior

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions, and whether his attorney provided ineffective assistance by failing to object to the enhancements.

Hatcher argues that the term of supervised release imposed on count two and the term of imprisonment imposed on count four should not have been enhanced because the government failed to comply with 21 U.S.C. § 851(a)(1). Under § 851(a)(1), "[n]o person who stands convicted of an offense under this part [§§ 841-852] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."

"If the prosecution fails to comply with § 851's procedural requirements, a district court cannot enhance a defendant's sentence." United States v. Steen, 55 F.3d 1022, 1025 (5th Cir.), cert. denied, 116 S. Ct. 577 (1995). Indeed, a court has no authority to impose an enhancement when the government does not file an information before entry of the plea. United States v. Noland, 495 F.2d 529, 533 (5th Cir.), cert. denied, 419 U.S. 966 (1974). See also United States v. Levay, 76 F.3d 671, 674 (5th Cir. 1996) ("[S]ince the government withdrew its notice of intent to prove prior convictions as a part of the plea agreement, the court was precluded from considering prior convictions as a factor under § 841(b)(1)(A)."); Steen, 55 F.3d at 1025 n.2 (citing cases

2

holding that failure to file a § 851(a) information deprives the district court of jurisdiction to impose a statutory enhancement based on prior convictions); United States v. Cevallos, 538 F.2d 1122, 1125 n.4 (5th Cir. 1976) ("In Noland, . . . the failure to file the information of previous conviction prior to trial deprived the District Court of jurisdiction to impose an enhanced sentence (and obviously the opportunity to file such an information before trial had been irretrievably lost) . . . ."); Kelly v. United States, 29 F.3d 1107, 1110 (7th Cir. 1994) ("[A] court does not even have jurisdiction to impose an enhanced sentence unless notice is served."). Just as a court may not enter a conviction without a formal indictment, it may not impose an enhancement under 21 U.S.C. §§ 841-852 without a filing from the government. See United States v. Olson, 716 F.2d 850, 853 (11th Cir. 1983) (explaining that a court without a § 851(a) information "can no more enhance the sentence than it could impose imprisonment under a statute that only prescribes a fine").

Because of the jurisdictional nature of § 851(a) filings, we review de novo in spite of Hatcher's failure to raise the issue on direct review or in the district court on collateral review. See United States v. Fitzgerald, 89 F.3d 218, 221 & n.1 (5th Cir.) (explaining that a defendant cannot forfeit his right to de novo review of the sufficiency of an indictment), cert. denied, 117 S. Ct. 446 (1996). As the government concedes, the trial court should not have enhanced Hatcher's sentence. Furthermore, the

3

prosecution may not go back and cure its omission. <u>Cevallos</u>, 538 F.2d at 1125 n.4; <u>Noland</u>, 495 F.2d at 533-34. We must vacate the sentence and remand for re-sentencing without consideration of enhancement for prior offenses.

In light of this result, we need not reach Hatcher's ineffective-assistance claim.

Hatcher's sentences on counts two and four are VACATED, and the case is REMANDED for re-sentencing.