HILL, Senior Circuit Judge,
specially concurring:
Here a busy district court found Appellant Harris willing to plead guilty and, by so doing, save it much trial time and effort. The government made it clear to the court, and to.Harris, that, on the basis of prior convictions, it intended to file for an enhanced sentence. In order to document the plea and eliminate the trial, the district court took the plea on the assurance that the government would make the necessary filing. Harris was deprived of no information. Procedurally, no one was misled. No one was prejudiced.
This being said, however, our circuit precedent is based upon jurisdictional concepts and is binding upon this panel. See United States v. Olson, 716 F.2d 850 (11th Cir.1983); United States v. Cevallos, 538 F.2d 1122 (5th Cir.1976); United States v. Noland, 495 F.2d 529 (5th Cir.1974). In my opinion, it allows a defendant cleverly to dangle the prospect of eliminating a lengthy and burdensome trial before a busy trial judge (if the guilty plea can be immediately accepted before the defendant changes his mind). Such jurisdictional leverage by a defendant can undercut, as we have seen here, an otherwise properly enhanced sentence.
I prefer a cause-and-prejudice analysis visa-vis one based upon jurisdictional concepts. Nevertheless, I endorse the opinion of then Chief Judge Godbold in Olson who stated that “even if these decisions [are] not to our tastes, they are binding upon this court and the district courts of this circuit until altered by this court en banc.” See Olson, 716 F.2d at 854. For this reason, I concur.