UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4783

STEPHEN BRADLEY VENNIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-98-10)

Submitted: May 28, 1999

Decided: November 18, 1999

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James R. Fox, JORY & SMITH, Elkins, West Virginia, for Appellant.
William D. Wilmoth, United States Attorney, Sherry L. Muncy,
Assistant United States Attorney, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Stephen Bradley Vennis appeals the sentence imposed by the district court following his conviction for one count of distribution of hydrocodone by use of a communication facility in violation of 21 U.S.C. § 843(b) (1994). Finding no error, we affirm.

Vennis claims through counsel that the district court erred in its decision to enhance his base offense level by four points on the basis of his leadership role in a narcotics distribution scheme. See U.S. Sentencing Guidelines Manual § 3B1.1 (1997). Having reviewed the record, we have found substantial support for the court's conclusion that Vennis played a leadership role. Accordingly, the court did not clearly err in applying the enhancement.

Vennis next claims the district court erred in denying him a two-point reduction for acceptance of responsibility. See USSG § 3E1.1. Specifically, Vennis claims the court erroneously relied on the uncorroborated hearsay statements of Mindy Weaver to find that Vennis had perjured himself and denied responsibility for all relevant conduct. We find that the statements were consistent with other facts known to the court and that Vennis had an opportunity to rebut them. Furthermore, Vennis denied other relevant conduct in his testimony that was pertinent to the district court's decision denying acceptance of responsibility. Therefore, we find that the district court did not clearly err in its denial of the reduction.

Finally, we conclude that the additional claims filed by Vennis in his pro se supplemental brief do not entitle him to relief. Vennis' primary claim is that the district court erred in enhancing his sentence because of the Government's failure to timely file an information notifying Vennis and the district court of the Government's intention to seek a sentence enhancement on the basis of prior convictions. See 21 U.S.C. § 851(a)(1) (1994) (requiring that notice of intent to rely on prior convictions be served on defendant and district court prior to trial or guilty plea). Courts have traditionally applied the statutory notice provision strictly. See United States v. Noland, 495 F.2d 529, 533 (5th Cir. 1974).

The Government argues that Vennis had actual notice of its intention to seek the enhancement. This information is immaterial to a determination of whether the Government's failure amounts to error. See United States v. Weaver, 905 F.2d 1466, 1481 (11th Cir. 1990). However, because Vennis failed to raise this matter at trial, the notice is material to a determination of whether the Government's failure constitutes plain error. See United States v. Ford, 88 F.3d 1350, 1355 (4th Cir. 1996) (limiting application of plain error doctrine to those instances where the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings). A review of the transcript of the plea hearing demonstrates that Vennis had actual knowledge of the Government's intention. (Plea transcript at 14, 17). Accordingly, Vennis cannot demonstrate plain error despite the Government's failure to comply with the requirements of 21 U.S.C. § 851(a)(1) (1994), because his knowledge of the Government's intention vitiates any unfairness that would otherwise result. This claim must, therefore, be dismissed.

We have reviewed Vennis' remaining supplemental claims and find them to be without merit.* Accordingly, although we grant Vennis' motion to file a supplemental brief, we affirm his conviction and sentence.

AFFIRMED

_____
*Vennis' remaining claims are: (1) the district court erred by including a 1991 destruction of property conviction in his criminal history category; and (2) the district court erroneously enhanced his sentence based on the fact that some of the offense conduct occurred while he was on parole. These claims are meritless.

3