[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11935
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00046-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKOLA MAURICE BOWDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 7, 2009)

Before ANDERSON, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Mikola Maurice Bowden appeals his sentence of mandatory life

imprisonment based on his conviction for possession with intent to distribute more than 50 grams of a mixture and substance containing cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and 2 prior felony drug convictions, 21 U.S.C. §§ 841(b)(1)(A), 851(a)(1). On appeal, Bowden argues that the district court lacked jurisdiction to enhance his sentence because the government's notice of enhancement did not strictly comply with the requirements of 21 U.S.C. § 851(a)(1), because it listed one wrong conviction date and the wrong enhancement statute.[1]

We review the adequacy of a 21 U.S.C. § 851 notice of enhancement *de novo*. *United States v. Ramirez*, 501 F.3d 1237, 1239 (11th Cir. 2007). Section 851(a)(1) states in part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

> Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the

---

[1] Bowden's additional argument that the U.S. Supreme Court wrongly decided *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), fails but remains preserved. *See United States v. Lindsey*, 482 F.3d 1285, 1294 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 438 (2007).

purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C. § 851(a)(1).

We require strict compliance with the procedural and substantive requirements of § 851(a)(1) notices. *See United States v. Rutherford*, 175 F.3d 899, 904 (11th Cir. 1999); *United States v. Olson*, 716 F.2d 850, 852–53 (11th Cir. 1983); *United States v. Noland*, 495 F.2d 529, 530 (5th Cir. 1974).[2] When a notice of enhancement contains minor errors we will find § 851 compliance as long as the notice, despite the errors, unambiguously signal the government's intent. *See Perez v. United States*, 249 F.3d 1261, 1266-67 (11th Cir. 2001).

Here, the record demonstrates that the government's information did not unambiguously signal to Bowden that it sought mandatory life imprisonment when the information cited a statute that imposed only a ten-year mandatory minimum term of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)–(B); *Perez*, 249 F.3d at 1266–67. In addition, the government failed to clearly indicate "the previous convictions to be relied upon" when it listed as Bowden's first Possession of a Controlled Substance conviction date not the actual date of conviction, but rather a

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

date on which another adverse action was taken against Bowden in the same-numbered case. *See* 21 U.S.C. § 851(a)(1). Therefore, the notice of enhancement did not strictly comply with § 851(a)(1) and the district court lacked jurisdiction to enhance Bowden's sentence. We vacate and remand for re-sentencing without the enhancement.

**AFFIRMED in part, VACATED AND REMANDED in part.**