# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10233
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TARA MICHELLE PERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-81

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tara Michelle Perry appeals her guilty plea conviction and sentence for
conspiracy to possess with intent to distribute 50 grams or more of
methamphetamine.  For the first time on appeal, Perry argues that the district
court committed plain error in violation of Federal Rule of Criminal Procedure
11(b)(1)(I) by incorrectly admonishing her at rearraignment regarding her
statutory minimum sentence.  She asserts that the admonishment that she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-10233

faced a statutory minimum sentence of five years of imprisonment was incorrect because, due to her having a prior felony drug conviction, she faced a statutory minimum sentence of 10 years of imprisonment.

Because Perry did not object to the Rule 11 colloquy, we review for plain error only. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To demonstrate plain error, Perry must show a forfeited error that is clear or obvious that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

While Perry had prior felony drug convictions, the Government did not file an information seeking enhanced statutory penalties. Accordingly, Perry did not face the enhanced statutory penalties, and she was correctly admonished that she faced a statutory minimum sentence of five years of imprisonment and a statutory maximum sentence of 40 years of imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(B), 851(a)(1); *United States v. Noland*, 495 F.2d 529, 533 (5th Cir. 1974). Thus, Perry has not shown that the district court committed error, plain or otherwise, by incorrectly admonishing her regarding her statutory minimum sentence.

For the first time on appeal, Perry argues that the district court committed plain error in violation of Federal Rule of Criminal Procedure 11(b)(3) by accepting her guilty plea without a sufficient factual basis. Because Perry did not object to the sufficiency of the factual basis in the district court, review is for plain error. *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006).

In the factual resume, Perry admitted that she received large quantities of methamphetamine from Lewis, usually on consignment; that she distributed

the methamphetamine to her own customers; and that she returned the money to Lewis. The purchase on consignment of methamphetamine for redistribution from Lewis was sufficient, by itself, for the district court to draw an inference that Perry participated in a methamphetamine distribution conspiracy. *See United States v. Posada-Rios*, 158 F.3d 832, 859-60 (5th Cir. 1998). Furthermore, the PSR contained information that Perry worked under the direction of Lewis, that Perry received some of Lewis's customers when she began selling methamphetamine, and that Perry rented an apartment that was used as a stash house for methamphetamine and money by Perry, Lewis, and co-defendant Cary Wayne Yeathermon. This evidence was also sufficient to show that Perry participated in a methamphetamine distribution conspiracy. *See United States v. Maseratti*, 1 F.3d 330, 338 (5th Cir. 1993); *United States v. Arzola-Amaya*, 867 F.2d 1504, 1512-13 (5th Cir. 1989).

Perry's assertion that the PSR is unreliable is without merit. While the PSR included more information than was included in the factual resume, this does not show that the PSR contradicted the factual resume; it merely shows that the PSR was more thorough. The PSR did state, in contradiction to the factual resume and the rest of the PSR, that "[t]here is no information that Perry conducted drug transactions with M. Lewis or her customers." However, this statement, in the context it was made, was clearly a typographical error with Lewis's name inserted in place of co-defendant Brittany Ann Barron's name. This typographical error in the PSR is not a basis for reversal. *See United States v. Huerta*, 182 F.3d 361, 363-66 & n.1 (5th Cir. 1999).

The information in the factual resume and the PSR was sufficient for the district court to determine that Perry committed the crime to which she pleaded guilty. *See Posada-Rios*, 158 F.3d at 859-60; *Maseratti*, 1 F.3d at 338. Accordingly, the district court did not commit error, plain or otherwise, by

accepting Perry's guilty plea without a sufficient factual basis. *See United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008); *United States v. Castro-Trevino*, 464 F.3d 536, 540 (5th Cir. 2006).

Perry argues that the district court's drug quantity calculation was clearly erroneous. While Perry objected to the drug quantity calculation, she did not present any evidence showing that the information in the PSR was unreliable. Accordingly, the district court was free to adopt the facts set forth in the PSR without further inquiry. *See United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998). Contrary to Perry's assertion, the district court's method of estimating the drug quantity attributable to Perry was reasonable. *See United States v. Betancourt*, 422 F.3d 240, 246-48 (5th Cir. 2005). As noted above, the typographical error in the PSR is not a basis for reversal. *See Huerta*, 182 F.3d at 363-66 & n.1. Because Perry has not shown that the drug quantity calculation was implausible in light of the record as a whole, she has not shown that it was clearly erroneous. *See Betancourt*, 422 F.3d at 246-48.

AFFIRMED.