UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles Antoin NOVEY,
Defendant–Appellant.

No. 89–6327.

United States Court of Appeals,
Tenth Circuit.

Jan. 3, 1991.

Thomas D. McCormick, Oklahoma City, Okl., Michael G. Katz, Federal Public Defender, and Jill M. Wichlens, Asst. Federal Public Defender, Denver, Colo., on the briefs, for defendant-appellant.

Timothy D. Leonard, U.S. Atty. and Frank Michael Ringer, Asst. U.S. Atty., W.D. Okl., Oklahoma City, Okl., on the briefs for plaintiff-appellee.

Before McKAY, SEYMOUR and BRORBY, Circuit Judges.

McKAY, Circuit Judge.

This appeal arises from a sentence entered by the district court following the defendant's guilty plea on two counts of a seven-count indictment. The defendant, Charles A. Novey, claims the district court erred by (1) classifying him as a career offender under the Federal Sentencing Guidelines; (2) increasing his punishment as a career offender when the government failed to allege both prior offenses in its notice filed pursuant to 21 U.S.C. § 851(a)(1) (1988); and (3) requiring restitution for conduct that did not form the basis of the offense of conviction.

## I.

On May 16, 1989, the government filed a seven-count indictment against the defendant. Mr. Novey pleaded guilty to count 1, which alleged possession with intent to distribute 3837.5 grams of marijuana and 68 marijuana plants in violation of 21 U.S.C. § 841(a)(1) (1988). He also pleaded guilty to count 4, which charged him with making a false statement to the Postal Service in violation of 18 U.S.C. § 1001 (1988). Pursuant to the plea agreement, the government agreed to dismiss the remaining counts of the indictment.

On June 12, 1989, ten days prior to the guilty pleas, the government filed an information alleging that the defendant had been previously convicted of a controlled substance offense. Under 21 U.S.C. § 841(b)(1)(C) (1988), the prior conviction raised his maximum penalty from twenty to thirty years.

The presentence investigation report, prepared after the defendant pleaded guilty, stated that the defendant had *two* prior convictions involving controlled substances. The first occurred on October 17, 1972, from which the defendant was released on November 24, 1974. The second conviction, which was included in the information, was entered on March 31, 1983.

Based on his two prior controlled substance offenses, the district court deter-

mined that the defendant was a career offender under the Federal Sentencing Guidelines. His offense level and criminal history category were raised from a level 16 and category V imprisonment range of 41 to 51 months to a level 34 and category VI range of 262 to 327 months. The court sentenced him to concurrent prison terms of 262 months on count 1 and 40 months on count 4. The court also ordered restitution to nine victims which totaled $21,752.25.

## II.

■ The defendant contends that the trial court's determination that he was a career offender was error. He argues that he does not have "two prior felony convictions" based on the language in section 4B1.2(3) of the Federal Sentencing Guidelines.

The defendant's argument rests on the proper calculation of criminal history under the Guidelines. Section 4A1.2(e) of the Guidelines sets forth the applicable time period for computing criminal history.[1] It requires that a prior sentence of imprisonment of more than thirteen months be counted for purposes of computing criminal history if the sentence resulted in the defendant's incarceration within fifteen years of the commencement of the instant offense.

Section 4B1.1 of the Guidelines includes in its definition of a career offender a defendant who has at least "two prior felony convictions" of a controlled substance offense.[2] Section 4B1.2(3) defines "two prior felony convictions." It states that "[t]he date that a defendant sustained a conviction shall be the date the judgment of conviction was entered."[3]

The defendant contends that there is an ambiguity between sections 4A1.2(e) and 4B1.2(3) and that the rule of lenity applies to resolve the ambiguity in favor of the defendant. *See Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980); *United States v. Conners,* 606 F.2d 269, 272 (10th Cir.1979). The defendant argues that his 1972 conviction should not be counted in the computation of his criminal history because it was not entered within fifteen years of the commencement of the instant offense.

We agree with the district court and conclude that the Guidelines pertaining to the career offender provision are not ambiguous. Application Note 4 of section 4B1.2 clearly states that the provisions of section 4A1.2(e) are applicable to the counting of convictions under section 4B1.1. Therefore, a felony conviction is counted as one of two prior convictions for purposes of computing criminal history if the defendant was incarcerated during part of the fifteen-year period. *See United States v. Marshall,* 910 F.2d 1241, 1245 (5th Cir.1990). Because section 4A1.2(e) does not rely on

---

**1.** Section 4A1.2(e)(1) states:

Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

United States Sentencing Commission, *Guidelines Manual,* § 4A1.2(e)(1) (Nov.1990).

**2.** Section 4B1.1 provides in pertinent part:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense....

United States Sentencing Commission, *Guidelines Manual,* § 4B1.1 (Nov.1990).

**3.** Section 4B1.2(3) states:

The term "two prior felony convictions" means (A) the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.,* two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (B) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of Part A of this Chapter. The date that a defendant sustained a conviction shall be the date the judgment of conviction was entered.

United States Sentencing Commission, *Guidelines Manual,* § 4B1.2(3).

the date of conviction when calculating criminal history, section 4B1.2(3) adds no guidance to the calculation of the applicable time period.

The defendant's first prior conviction falls within the fifteen-year period set forth in section 4A1.2(e) because he was released in November 1974 from his October 1972 controlled substance conviction. The defendant's 1983 conviction is also counted. The district court, therefore, correctly concluded that the defendant was a career offender under section 4B1.1 of the Guidelines.

### III.

■■■■ The defendant claims that the district court erred by increasing his punishment as a career offender when the government failed to allege both prior offenses in the information it filed pursuant to 21 U.S.C. § 851(a)(1) (1988). Although the defendant did not raise the government's lack of compliance in the district court, the court was without authority to impose an enhanced sentence unless the statutory requirements were met. *United States v. Noland*, 495 F.2d 529, 533 (5th Cir.), *cert. denied*, 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974). Therefore, this court will consider the question on its merits.

The controversy at issue centers upon the different requirements, both substantively and procedurally, for sentence enhancements under the statute and the Guidelines. Title 21, United States Code, section 841(b)(1)(C) states that the defendant's maximum sentence is increased from twenty to thirty years on the basis of a single prior conviction. The Sentencing Guidelines provide that the defendant's status as a career offender increases his sentence from a level 16 range of 41 to 51 months to a level 34 range of 262 to 327 months.

■■■■ The Guidelines do not contain a requirement that the government file an information in order to rely upon prior offenses. *United States v. Wallace*, 895 F.2d 487, 490 (8th Cir.1990). However, 21 U.S.C. § 851(a)(1) states:

No person who stands convicted of an offense under this part shall be sentenced to *increased punishment by reason of one or more prior convictions*, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

(Emphasis supplied.)

The defendant's sentence in this case was increased to 262 months because of his two prior convictions which classified him as a career offender. The defendant argues that the government did not satisfy section 851(a) because it alleged only one of the two prior controlled substance offenses in the information, and therefore failed to state "the previous *convictions* to be relied upon."

The government responds that section 851 is satisfied when the information alleges only one prior conviction if the defendant's increased sentence under the Guidelines is within the statutory maximum based on that prior conviction. Because the district court used the second prior conviction to increase the Guideline sentence to only 262 months, a period within the statutory maximum of 30 years, the government maintains that the notice requirement was satisfied.

The courts are divided on this issue. *See United States v. Wallace*, 895 F.2d 487, 490 (8th Cir.1990); *Marshall*, 910 F.2d at 1244–45; *contra United States v. Williams*, 899 F.2d 1526, 1529 (6th Cir. 1990). In *Wallace*, the court observed that the Guidelines became effective after Congress passed section 851 but say nothing that requires the government to file an information in order to rely upon prior offenses. *Wallace*, 895 F.2d at 490. The court reasoned, therefore, that section 851 was limited to situations in which a defendant's statutory maximum or minimum is enhanced and not to situations where the defendant's increased sentence under the Guidelines is within a statutory range. *Id.*

After full consideration, we are persuaded that the interpretation adopted by the *Wallace* court is correct.

The problem presented to this court is to determine what interpretation to give to the phrase "increased punishment by reason of one or more prior convictions" within section 851(a)(1). To correctly interpret this statutory language, we " 'must look to the particular statutory language at issue, as well as the language and design of the statute as a whole.' " *Aulston v. United States*, 915 F.2d 584, 589 (10th Cir.1990) (quoting *Sullivan v. Everhart*, —— U.S. ——, 110 S.Ct. 960, 964, 108 L.Ed.2d 72 (1990)). Applying this canon of statutory construction, we conclude that section 851 is satisfied when the government provides notice of one prior conviction and the defendant's Guideline sentence is within the statutory maximum authorized on the basis of that prior conviction.

Section 851 was enacted as part of comprehensive drug legislation in the Controlled Substances Act of 1970, Pub.L. No. 91–513, 84 Stat. 1242 (codified as amended at 21 U.S.C. §§ 801–971 (1988)). The substantive penalty provisions of section 841 were enacted at the same time. *Id.* These penalty provisions, as amended, specifically provide for increasing the maximum and minimum statutory penalties on the basis of a defendant's prior convictions. *See* 21 U.S.C. § 841(b)(1)(A) (raises statutory minimum on the basis of prior conviction from ten to twenty years); § 841(b)(1)(B) (raises statutory minimum from five to ten years and statutory maximum from forty years to life); § 841(b)(1)(C) (raises statutory maximum from twenty to thirty years). Thus, section 841 establishes additional penalties for recidivists, and section 851 provides a measure of protection from their harsh effect.[4]

To satisfy the statutory requirements for increased punishment, the government must file an information stating at least one previous conviction. Under section 841(b)(1)(C), the court can rely upon a single prior conviction to increase a defendant's punishment above the twenty year ceiling up to the thirty year maximum for recidivists.

Although the Sentencing Guidelines change the calculus for sentencing, increased punishments under the career offender provision remain within the maximums established by statute. *See* 28 U.S.C. § 994(h) (1988) (requiring the Sentencing Commission to assure that certain career offenders receive a sentence "at or near the maximum term authorized"); *see also* United States Sentencing Commission, *Guidelines Manual*, § 4B1.1., comment. (backg'd.) (stating that the legislative history of 28 U.S.C. § 994(h) "suggests that the phrase 'maximum term authorized' should be construed as the maximum term authorized by statute"). The career offender provision permits the court to sentence at or near the top of the statutory range for recidivists.

Because sentences under the career offender provision are within the maximum set forth in the recidivist provision of section 841(b)(1)(C), a defendant does not lose any procedural protection when he is sentenced as a career offender after the government gives notice of a single prior conviction. A defendant can challenge the validity of that conviction before the district judge increases the punishment up to the thirty year statutory maximum. *See* 21 U.S.C. § 851(b) (1988); *United States v. Cevallos*, 538 F.2d 1122, 1126–27 (5th Cir. 1976). Given that the statutory punishment of thirty years could be imposed with notice of one prior conviction, the lesser sentence for a career offender may also be imposed with the same notice. On the other hand, the district judge could not sentence the defendant to more than twenty

---

**4.** In addition, Congress gave defendants the opportunity to show that they were not the persons previously convicted. Section 851(b) requires that the district court ask the defendant before a guilty plea whether he denies the prior convictions and inform him that failure to object precludes an objection thereafter to attack the sentence. 21 U.S.C. § 851(b) (1988). This provision demonstrates the congressional concern that defendants knowingly and voluntarily waive their right to challenge the previous convictions when deciding whether to plead guilty. *See United States v. Cevallos*, 538 F.2d 1122, 1128 (5th Cir.1976).

years without the requisite notice. *Cf. United States v. Williams,* 919 F.2d 1451 (10th Cir.1990) (holding that the court is not bound to follow a plea agreement sentencing estimate, which the defendant acknowledged as nonbinding prior to pleading guilty, when the parties considered but excluded from their calculation a prior conviction relied upon by the court).

In this case, the government provided notice of one prior controlled substance conviction before the defendant pleaded guilty. By itself, this notice allowed the district court to sentence the defendant to a maximum of thirty years under the recidivist provisions of section 841(b)(1)(C). The defendant's 262 month sentence as a career offender under the Guidelines is within this statutory maximum. The government, therefore, complied with section 851.

We conclude that section 851(a)(1) applies when a defendant's prior convictions have the effect of increasing the minimum or maximum statutory sentence for the crime charged. Section 851(a)(1) is satisfied when a defendant's Guideline sentence is within the statutory maximum that could be imposed on the basis of the government providing notice of a single prior conviction. Accordingly, we affirm the district court's application of the career offender provision of the Guidelines.

### IV.

Defendant's final claim on appeal is that the district court erred by imposing restitution for losses resulting from acts other than those for which he was convicted.

At the time of sentencing this court had interpreted the restitution provisions of the Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3663, 3664 (1988), to permit a restitution order beyond the amount involved in the offenses of conviction when there is a significant connection between the defendant's other criminal acts and the crime for which a guilty plea was entered. *United States v. Duncan,* 870 F.2d 1532, 1536 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989). While this case was pending appeal, however, the Supreme Court overruled our decision in *Duncan.* In *Hughey v. United States,* —— U.S. ——, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), the Supreme Court held that the VMPA authorizes an award of restitution "only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Id.,* —— U.S. ——, 110 S.Ct. at 1981. The defendant contends that the district court's order of restitution was contrary to the Court's ruling in *Hughey.*

■ The government argues that the defendant should be precluded from raising the *Hughey* decision as grounds for reversal because he did not object to the order of restitution. Ordinarily, defendant's failure to object would preclude review of the issue on appeal.[5] An exception to the rule precluding review exists where an intervening Supreme Court decision changes the law while an appeal is pending. *Brown v. M & M/Mars,* 883 F.2d 505, 512–13 (7th Cir.1989). This exception is a corollary to the principle that an appellate court should apply the law in existence at the time of appeal. *Id.* at 513. We therefore address defendant's appeal in light of the intervening Supreme Court decision in *Hughey.*

The record in this case does not clearly establish whether the restitution order was based on losses caused by the conduct underlying the offense of conviction. The district court fashioned its restitution order from the presentence investigation report. The conduct attributed to count 4 in the report, however, appears to include numerous acts other than those for which defendant was convicted. Presentence Report at ¶¶ 11–14. For example, the report states that the defendant made sixteen cash draws from an account opened with a check stolen "in a separate criminal act." *Id.* at ¶ 11. The record is insufficient for us to determine whether this loss, and oth-

---

5. Objections are required so that the district court can correct an alleged error. *General Beverage Sales Co. v. East–Side Winery,* 568 F.2d 1147, 1152 (7th Cir.1978). In this case, however, there was no error because *Duncan* was the applicable law at the time of sentencing. Given the established precedent in *Duncan,* defendant cannot be faulted for failing to object.

ers upon which the restitution order was based, was gained through the use of the fraudulently opened post office box or was distinct from any loss caused by the conduct underlying count 4. Accordingly, we remand this case for further fact-finding and resentencing in light of the Supreme Court's decision in *Hughey v. United States.*[6]

The defendant's sentence based on his career offender status is AFFIRMED. The case is REMANDED to the district court for further fact-finding and resentencing consistent with this opinion.

**6.** Because we remand for resentencing, we do not consider separately defendant's claim that the district court erred by ordering restitution without making a finding as to the amount of loss caused by him. In order to satisfy *Hughey* upon remand, the district court is required to make findings in support of an order imposing restitution for losses caused by the conduct underlying the offense of conviction.