948 F.2d 1295
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles H. LARSEN, Defendant-Appellant.
 Nos. 90-8027, 90-8090.
 United States Court of Appeals, Tenth Circuit.
 Nov. 12, 1991.
 
 Before McKAY, Chief Judge, EBEL, Circuit Judges, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Defendant Charles H. Larsen appeals the denial of a motion he filed under 28 U.S.C. § 2255 alleging, inter alia, that his sentence was improperly enhanced. For the reasons set forth below, we reverse the district court's determination and remand for further proceedings.[1]
 
 
 3
 Larsen was indicted on September 18, 1987, in four counts of a five-count indictment charging distribution of lysergic acid dyethylamide (LSD), conspiracy, and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(v) and 846, and 18 U.S.C. § 2. On November 3, 1987, Larsen pleaded guilty to a single count of distribution of LSD in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Because of a prior drug-related conviction, Larsen was sentenced to an enhanced term of ten years' imprisonment to be followed by eight years of supervised release.
 
 
 4
 In his brief filed on appeal, Larsen contends that he is entitled to relief under § 2255 due to the United States' failure to comply with 21 U.S.C. § 851 which provides in relevant part as follows:
 
 
 5
 No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person ) stating in writing the previous convictions to be relied upon.
 
 
 6
 21 U.S.C. § 851(a)(1) (emphasis added). According to Larsen, the United States failed to serve an information stating which prior drug-related conviction it intended to rely on in seeking an enhanced sentence as required under § 851(a)(1). The United States' position, agreed with by the district court, is that although formal service was never made, such noncompliance with the words of § 851(a)(1) should be excused in this case because Larsen had actual knowledge of the fact that the government had filed an enhancement information.[2] Larsen does not dispute that his attorney had actual knowledge of the fact that an enhancement information had been filed. See Brief of Appellant at 9 ("[T]he record does suggest that ... Larsen's attorney had actual knowledge of the [enhancement information filed by the government by virtue of copying the district court's file upon his appointment.")
 
 
 7
 As an initial matter, we must clarify the narrow parameters of our review. Because Larsen's argument is raised in the context of a § 2255 motion, relief is warranted only if the alleged error is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. Hill v. United States, 368 U.S. 424, 428 (1962). Thus, technical errors such as failure to comply with the formal requirements of a rule of criminal procedure do not warrant collateral relief in the absence of any indication of prejudice to the defendant. United States v. Prichard, 875 F.2d 789, 790 (10th Cir.1989).
 
 
 8
 Larsen takes a jurisdictional approach to the service requirement under § 851(a)(1). According to Larsen, he is entitled to relief under § 2255 because the United States' failure to formally serve the enhancement information deprived the district court of jurisdiction to impose an enhanced sentence.
 
 
 9
 We are persuaded by Larsen's argument. This court has insisted upon strict compliance with the mandatory language of the procedural requirements of § 851(a)(1). See United States v. Wright, 932 F.2d 868, 882 (10th Cir.1991); United States v. Novey, 922 F.2d 624, 627 (10th Cir.), cert. denied, 111 S.Ct. 2861 (1991). Moreover, while addressing the issue in the context of a case concerned specifically with the filing requirement of § 851(a)(1), this court has indicated that both the filing and service requirements of the statute are jurisdictional in nature. Novey, 922 F.2d at 627 ("[T]he district court ... was without authority to impose an enhanced sentence unless the statutory requirements [of § 851(a)(1) ] were met.") (emphasis added); see also United States v. Olsen, 716 F.2d 850, 852-53 (11th Cir.1983) ("[Section 851(a)(1) ] restricts the court's authority to impose enhanced sentences to cases where the information is filed with the court and served on the defendant before trial.") (emphasis added); United States v. Noland, 495 F.2d 529, 533 (5th Cir.) (same), cert. denied, 419 U.S. 966 (1974).[3]
 
 
 10
 The United States contends that while the filing requirement under § 851(a)(1) is certainly a jurisdictional prerequisite since a district court is without authority to enhance on its own motion, see Olson, 716 F.2d at 853; Hardy v. United States, 691 F.2d 39, 41 (1st Cir.1982), the service requirement is merely designed to produce knowledge which is not jurisdictional in nature. However, we must be guided by the plain terms of § 851(a)(1). See United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989) ("[W]here ... the statute's language is plain, the sole function of the courts is to enforce it according to its terms."). The language of § 851(a)(1) is peremptory--"[n]o person ... shall be sentenced to increased punishment ... unless...." Moreover, the filing requirement of § 851(a)(1) is separated from the service requirement by the conjunctive "and," which indicates that Congress intended that both requirements be fulfilled. See United States v. O'Driscoll, 761 F.2d 589, 597-98 (10th Cir.1985) (citing 1A N. Singer, Sutherland Statutory Construction § 21.14), cert. denied, 475 F.2d 1020 (1986). Given the mandatory and conjunctive language in § 851(a)(1), it must be read as limiting a district court's authority to impose enhanced sentences to cases where there is compliance with each of its procedural requirements. Any other reading of § 851(a)(1) is contrary to the plain language of the statute. See United States v. Carvajal-Minota, 706 F.Supp. 726, 727 (N.D.Cal.1989) ("This court sees no reason to disregard the clear language of Congress [in § 851(a)(1) ] regarding service and will not assume that while filing is a strict requirement, service is an informal secondary requirement.").
 
 
 11
 Because the service requirement under § 851(a)(1) is a jurisdictional threshold, the United States' argument that formal service was not necessary in light of Larsen's actual knowledge of the enhancement information carries no weight. The United States' argument is based on the notion that its mistake amounted to harmless error. This contention, however, misapprehends the nature of a jurisdictional rule. "[A] litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court." Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 n. 3 (1988); see also Wright, 932 F.2d at 882 (harmless error doctrine not applicable to noncompliance with § 851(a)(1)).
 
 
 12
 Accordingly, we hold that the district court lacked jurisdiction to impose an enhanced sentence against Larsen. Therefore, we REVERSE the district court's denial of Larsen's § 2255 motion and REMAND the case to the district court with directions to modify Larsen's sentence to reflect that the enhanced portion of his sentence is stricken.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Larsen also challenged the enhancement portion of his sentence by motion pursuant to Fed.R.Crim.P. 35. The record, however, indicates that the district court never explicitly addressed this motion. Our resolution of this appeal renders the motion moot
 
 
 [2]
 Larsen failed to raise the issue of the United States' noncompliance with the service requirement of § 851(a)(1) prior to the acceptance of his guilty plea or in a direct appeal. Consequently, Larsen faced a serious obstacle in his attempt to raise this issue on a collateral attack. Ordinarily, issues cannot be raised for the first time on collateral review without showing both "cause" for the procedural default and "actual prejudice" resulting from the error. United States v. Frady, 456 U.S. 152, 167-69 (1982). The government, however, did not raise Larsen's procedural default as a defense either in the district court or on this appeal. Therefore, we will deem the defense waived. See United States v. Hall, 843 F.2d 408, 410 (10th Cir.1988)
 
 
 [3]
 We note that the requirements of § 851(a)(1) are limited to situations where, as here, a defendant's statutory minimum or maximum sentence is enhanced and not to situations where the defendant is sentenced pursuant to the United States Sentencing Guidelines and receives an increased sentence which is within a statutory range. Novey, 922 F.2d at 627