978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard CAMPBELL, Defendant-Appellant.
 No. 92-4037.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Richard Campbell pled guilty to armed robbery of a financial institution. He appeals the district court's decision to sentence him under the career offender provision of the sentencing guidelines, Guidelines § 4B1.1.
 
 
 3
 The guidelines declare a defendant to be a career offender if he has at least two prior felony convictions for a crime of violence, id., and meets other requirements that defendant does not dispute. The presentence report recommended a career criminal calculation based on defendant's two convictions for felony aggravated robbery in 1986 and 1991. Defendant objected to the use of these two convictions, arguing that each was unconstitutionally obtained. At the first sentencing hearing on January 24, 1992, the court pointed to five prior felony convictions listed in the criminal history portion of the presentence report that appeared to fit the guidelines for career offender. Defendant asked for additional time to respond to the convictions that had not been designated in the presentence report as support for the career criminal enhancement. The court granted a continuance until March 4, 1992.
 
 
 4
 At the March hearing, defendant's counsel addressed the five prior felony convictions, which included an additional 1991 conviction for armed robbery, a 1977 conviction for felonious assault on a police officer, and a 1973 conviction for aggravated assault. She took the position that the 1973 conviction was outside the 15 year limitation period set out in Guidelines § 4A1.2(e)(1) for counting prior convictions, and asked for an additional continuance because she was having difficulty getting information about the 1977 conviction in order to assess its constitutionality. She did not attack the second 1991 conviction. Without specifically deciding the constitutional issues raised by defendant against the 1986 conviction and the one 1991 conviction, the district court held that there were two prior felony convictions which met the career criminal guidelines and enhanced defendant's sentence accordingly.
 
 
 5
 On appeal, defendant first contends that the district court should only have considered the two prior convictions specifically referenced in the presentence report as supporting the career criminal enhancement because he was not given adequate notice that the other convictions would be used against him. As we have noted above, however, defendant was apprised at the January 24 hearing that the court was considering use of the other three convictions, and defendant was given until March 4 to raise any issues with respect those convictions. Clearly this was sufficient notice.
 
 
 6
 Defendant then attacks the constitutionality of the 1986 and the one 1991 conviction. We need not decide whether those convictions may be used to enhance defendant's sentence because two of the other convictions are sufficient to support the enhancement. Defendant has not attacked the second 1991 conviction, and defendant was incarcerated on the 1973 conviction until June 1976. Guidelines § 4A1.2(e)(1) makes clear that a sentence of imprisonment is counted if it "resulted in the defendant being incarcerated during any part of [the] fifteen-year period." As we explained in United States v. Novey, 922 F.2d 624, 626 (10th Cir.1991):
 
 
 7
 "Application Note 4 of section 4B1.2 clearly states that the provisions of section 4A1.2(e) are applicable to the counting of convictions under section 4B1.1. Therefore, a felony conviction is counted as one of two prior convictions for purposes of computing criminal history if the defendant was incarcerated during part of the fifteen-year period."
 
 
 8
 Because one of the 1991 convictions and the 1973 conviction were both countable for purposes of the career offender provisions, the district court properly enhanced defendant's sentence.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3