UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5586

ROBERT AUGUSTA MOORE, a/k/a Billy
Moore, a/k/a Rob Moore,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-95-13)

Submitted: September 24, 1996

Decided: February 20, 1997

Before HALL, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard W. Hudgins, Newport News, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, Michael R. Smythers, Execu-
tive Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Robert Augusta Moore appeals from his convictions and sentences entered pursuant to his guilty plea for possession with intent to distribute crack cocaine and possession of a firearm in violation of 21 U.S.C. § 841(a)(1) (1994), 18 U.S.C.A.§ 924(c) (West Supp. 1996), and 18 U.S.C.A. § 922(g)(1) (West Supp. 1996). We affirm the convictions and sentences.

Several of Appellant's assignments of error concern the constitutionality of the Sentencing Guidelines' differing treatment of crack cocaine offenses as opposed to powder cocaine offenses. We have consistently rejected equal protection arguments concerning the 100-to-1 crack cocaine to powder cocaine sentencing ratio. See United States v. Burgos, 94 F.3d 849 (4th Cir. 1996) (en banc); United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923). Therefore, these claims are meritless.

Moore also asserts that the Guidelines' definition of cocaine base is unconstitutionally vague. We find that the term as used in the Guidelines is not facially ambiguous. See United States v. Canales, 91 F.3d 363 (2d Cir. 1996); Fisher, 58 F.3d at 99.

Finally, Moore asserts that his conviction under § 924(c) is now invalid under Bailey v. United States, 516 U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (No. 94-7448), which substantially narrowed application of § 924(c) in relation to convictions for "use" of a firearm. At the outset, we find that we may review the factual basis of Moore's guilty plea. There is no waiver of appellate review provision in Moore's plea agreement. In addition, this Court reviews "whether the undisputed facts upon which the plea was made and accepted constituted a violation of the statute upon which defendant was charged . . . freely, as one of law." United States v. Holmes, 840 F.2d 246, 248 n.2 (4th Cir. 1988).

Appellate courts have the discretion to resolve issues not raised below if justice so requires, Singleton v. Wulff , 428 U.S. 106, 121

2

(1976), and an appellate court should apply the law in effect at the time of an appeal. See United States v. Novey , 922 F.2d 624, 629 (10th Cir.), cert. denied, 501 U.S. 1234 (1991). In addition, we may consider issues not raised below where a supervening decision has changed the law in appellant's favor, and the law was so well-settled at the time of trial that any attempt to challenge it would have appeared pointless. United States v. Washington , 12 F.3d 1128, 1138-39 (D.C. Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3259 (U.S. Oct. 3, 1994) (No. 93-8722). We find those circumstances present in this case in regard to the Bailey issue.

In reviewing the sufficiency of the evidence to support a conviction on direct appeal, this court must sustain the conviction "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Even construing the evidence in the light most favorable to the Government, we find it insufficient to sustain a conviction under the "use" prong of § 924(c) under Bailey. It is undisputed that the gun in question was found in a container in a truck after Moore was arrested. To obtain a conviction for "using" a firearm under § 924(c), the Government must show active deployment of the weapon. Bailey, 64 U.S.L.W. at 4041. There was no such deployment in this case.

We also find, however, that there is substantial evidence, taking the view most favorable to the Government, to support Moore's conviction for "carrying" a firearm in relation to a drug trafficking offense in violation of § 924(c). Moore did not dispute the prosecutor's factual summary at his Fed. R. Crim. P. 11 hearing. In that hearing, the prosecutor stated that evidence would establish that Moore drove the truck (which he purchased for a girlfriend) on the day he was arrested, that Moore purchased the gun, that he owned the nylon bag that contained the gun, and that the bag also contained "owe sheets" in which Moore logged his drug trafficking activities. In addition, the prosecutor proffered a statement from Moore's girlfriend that the gun belonged to Moore and that he placed it in the truck. Such evidence that the defendant had a gun in a vehicle used to transport him to the scene of a drug transaction is sufficient to support a conviction under the "carry prong" of § 924(c). See United States v. Jones, 49 F.3d 628, 632 (10th Cir. 1995); United States v. Freisinger, 937 F.2d 383, 387 (8th Cir. 1991); United States v. Machado, 804 F.2d 1537, 1547 (11th

3

Cir. 1986); <u>United States v. Barber</u>, 594 F.2d 1242, 1244 (9th Cir.), <u>cert. denied</u>, 444 U.S. 835 (1979).

For these reasons, we affirm Moore's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4