UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 02-4365

JOE BENNETT SMITH, III,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-99-10)

Submitted: December 4, 2002

Decided: December 20, 2002

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

### COUNSEL

Robert F. Rider, ROBERT F. RIDER, P.L.C., Roanoke, Virginia, for
Appellant. John L. Brownlee, United States Attorney, Joseph W.H.
Mott, Assistant United States Attorney, Roanoke, Virginia, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Joe Bennett Smith, III, pled guilty to conspiracy to manufacture and distribute marijuana. After his initial appeal, we remanded the case for "re-sentencing and imposition of a sentence of up to 120 months." On remand, Smith was sentenced to 100 months imprisonment. He now appeals, arguing that his conviction violated the Double Jeopardy Clause and that his sentence was improperly enhanced based on a prior conviction. We dismiss the appeal.

Although Smith sought to raise his double jeopardy claim in a supplemental brief during his first appeal, we found his argument untimely raised and did not consider it. Under the mandate rule, the district court was "bound to carry the mandate of the upper court into execution and could not consider the questions which the mandate laid at rest." *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939). "[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001); *see also United States v. Aramony*, 166 F.3d 655, 662 (4th Cir. 1999) (same). A district court may consider issues foreclosed by the mandate in the following "extraordinary circumstances": (1) change in controlling legal authority, (2) significant new evidence, or (3) a blatant error resulting in serious injustice. *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993).

Here, our mandate remanded for resentencing and, thus, impliedly affirmed the conviction. Accordingly, Smith is not entitled to review of this claim unless he can show extraordinary circumstances, which he has failed to do. He makes no effort to show a legal or factual change. While he argues that he is suffering from a serious injustice,

the present record does not support his contention. In any event, Smith presents no reason for his failure to timely raise the issue prior to his plea or on his first appeal. Accordingly, because Smith has failed to show "extraordinary circumstances," the district court properly followed the terms of our mandate and declined to consider Smith's claim.

Smith next seeks to challenge the statutory enhancement of his sentence based on his prior conviction. However, in his plea agreement, Smith waived his right to appeal his sentence. Although he reserved the right to challenge certain rulings, the enhancement was not one of the claims reserved.

On appeal, Smith does not challenge the validity of his waiver. Instead, he argues that his sentence exceeds the statutory maximum. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) (permiting appeal of sentence imposed in excess of the statutory maximum, despite general waiver of appeal). Because his indictment did not charge a specific drug quantity, in the absence of a prior conviction, Smith would have faced a five year maximum sentence. *See* 21 U.S.C. § 841(b)(1)(D) (West Supp. 2002). Thus, he asserts that his 100-month sentence exceeds the maximum statutory sentence and permits him to raise his claim on appeal.

However, Smith signed a plea agreement stating that he had a prior conviction and calculating his maximum exposure based on that prior conviction. The agreement reserved certain issues for appeal, but the propriety of the enhancement was not one of them. Further, the prior conviction and its effect on applicable statutory minimum sentences were discussed without objection at Smith's guilty plea hearing. In addition, the Government properly served notice under 21 U.S.C. § 851 (2000), which allowed the district court to sentence Smith to a maximum of ten years under the recidivist portion of § 841(b)(1)(D).*

---

*Smith contends that the district court's failure to inquire whether he affirmed or denied the conviction, as required under § 841(b), permits an appeal. However, any error was harmless, as Smith does not contest that "he has been previously convicted as alleged in the information." 21 U.S.C. § 851(b). His arguments attack the use rather than the fact of his prior conviction.

*See United States v. Novey*, 922 F.2d 624, 628-29 (10th Cir. 1991) (filing § 851 notice alters statutory maximum). Thus, we find that Smith has waived appeal of this issue.

Based on the foregoing, we dismiss Smith's appeal. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*