**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM R. NEAL,

      Plaintiff-Appellant,

  v.

SANDIA NATIONAL
LABORATORIES, a U.S.
Government-owned-contractor-operated
facility,

      Defendant-Appellee.

No. 04-2329
(D.C. No. CIV-03-648-JB/RHS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff William R. Neal applied for a job with Sandia National Laboratories ("Sandia") on three occasions, but was not interviewed or hired. He filed a complaint against Sandia, alleging it violated the Age Discrimination in Employment Act ("ADEA"). The district court granted Sandia's motion for summary judgment. Plaintiff appeals, and we affirm.

The parties are familiar with the facts, which are accurately and fully described in the district court's thorough thirty-one page opinion; thus, we need not repeat them here. The parties agree that plaintiff presented a prima facie case of ADEA discrimination. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000) (describing elements of prima facie failure-to-hire ADEA claim). They also agree that Sandia presented legitimate, non-discriminatory reasons for not hiring plaintiff, namely, that it never considered plaintiff's first application because it was submitted after Sandia had completed interviews for the opening, and, when Sandia did consider plaintiff's next two applications, it determined he lacked sufficient relevant experience and did not meet its minimum GPA requirement. *See id.* (describing burden-shifting analysis of circumstantial-evidence ADEA claim).

At issue before the district court was whether plaintiff presented evidence that Sandia's reasons were pretext for discrimination. *See id*. at 1230 (noting that plaintiff can withstand summary judgment if he presents evidence that employer's

reason for the employment decision is "pretextual-i.e. unworthy of belief").

Plaintiff attempted to demonstrate pretext by alleging Sandia had a hiring policy (the "80/20" policy) that preferred recent college graduates, which had a disparate impact on older job applicants. Plaintiff also alleged Sandia applied its minimum GPA requirement in a manner that favored younger applicants.

The district court ruled that plaintiff failed to produce a genuine issue of material fact with respect to pretext. It held that Sandia presented undisputed evidence that the decisionmakers who considered plaintiff's applications believed Sandia had discontinued the 80/20 policy with respect to the positions sought by plaintiff a year before he first applied for a job, and did not consider that policy in evaluating plaintiff's application. It next ruled that, even assuming plaintiff presented evidence that four applicants hired by Sandia had GPAs below its minimum GPA requirement, plaintiff failed to show that any of these four applicants were similarly situated to him.

Analysis

We review the grant of summary judgment de novo, applying the same standard as did the district court. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the record and any reasonable inferences therefrom in the light most favorable to the nonmoving party. *MacKenzie*, 414 F.3d at 1273.

*Disparate Impact Claim.* Plaintiff first contends the district court's dismissal of his disparate impact claim should be reversed because of an intervening change in the law. We conclude that plaintiff did not preserve this issue for appellate review. Plaintiff alleged in his complaint that Sandia's 80/20 policy of preferring recent college graduates violated the ADEA because it had a disparate impact on older applicants. At the time the district court ruled on Sandia's summary judgment motion, the controlling precedent in this circuit held that disparate impact claims were not cognizable under the ADEA. *See Ellis v. United Airlines Inc.*, 73 F.3d 999, 1007 (10th Cir. 1996). Six months later, the Supreme Court ruled that disparate impact claims may be brought under the ADEA. *Smith v. City of Jackson*, __ U.S. __, 125 S.Ct. 1536, 1540 (Mar. 30, 2005).

We conclude that plaintiff affirmatively abandoned his disparate impact claim before the district court. When a party concedes a legal issue in the district court, we will not review the issue on appeal. *See Petrini v. Howard*, 918 F.2d 1482, 1483 n.4 (10th Cir. 1990) (per curiam); *see also Lyons v. Jefferson Bank &*

*Trust*, 994 F.2d 716, 722 (10th Cir. 1993) (holding that issues which have been raised and then abandoned in the district court will not be considered on appeal). At the summary judgment hearing, the district court noted *Ellis*, but also informed plaintiff that *City of Jackson* was pending before the Supreme Court and was expected to resolve whether disparate impact claims were cognizable under the ADEA. In response, plaintiff explicitly told the district court that he was not bringing a disparate impact claim, but was merely alleging that the 80/20 policy's disparate impact could be evidence of pretext. Aplt. App. at 265-67; *see Furr v. Seagate Tech., Inc.*, 82 F.3d 980, 987 n.4 (10th Cir. 1996) ("disparate impact may be evidence of intentional discrimination in certain cases").

Although appellate courts may, under exceptional circumstances, consider an issue not raised below where a supervening decision has changed the law while the appeal was pending, *see United States v. Novey*, 922 F.2d 624, 629 (10th Cir. 1991), we decline to do so in this case. Plaintiff did not alert the district court in any way that he wished or intended to preserve his disparate impact claim for appellate purposes in the event of a change in the law, which was certainly foreseeable at the time of the summary judgment hearing. To the contrary, he told the court he was not asserting a disparate impact claim, Aplt. App. at 267, and both the district court and the defendant relied upon that representation, *id*. at 203. The issues involved are not purely questions of law, *see City of Jackson*,

-5-

125 S. Ct. at 1545-46 (describing the factually-specific evidence required to state a valid disparate impact claim); the proper resolution of these issues is not beyond reasonable doubt; and the failure to address the issues would not result in a miscarriage of justice. *See Petrini*, 918 F.2d at 1483 n.4 (outlining the exceptional circumstances under which appellate court may exercise discretion to review a previously unconsidered issue). We find no reason to exercise our exceptional-circumstances discretion in this case.

*Pretext as to GPA requirement*. In plaintiff's next three issues on appeal, he contends the district court erred in finding that he was not similarly situated to another candidate, referred to as CDW, who was under forty years old, did not meet Sandia's minimum GPA requirement, but was hired for one of the jobs sought by plaintiff. Pretext may be demonstrated by revealing "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action [such] that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997). A plaintiff may "show pretext on a theory of disparate treatment by providing evidence that he was treated differently from other similarly situated, non-protected employees." *Kendrick*, 220 F.3d at 1232.

CDW had worked for Sandia for six years when she applied for the position. Sandia presented evidence - a Selection Justification Memo - in which Sandia's hiring manager recommended to her superiors that CDW be hired, notwithstanding her GPA, because she had a stellar work history, had significant knowledge and experience relevant to the job, and had demonstrated that she could "easily compete with colleagues with a stronger GPA." Aplt. App. at 179. The district court ruled that plaintiff failed to meet his burden of showing he was similarly situated to CDW because she was an existing employee who had demonstrated by her prior performance that she could match those applicants with higher GPAs. *See Kelley v. Goodyear Tire & Rubber Co.*, 220 F.3d 1174, 1178 (10th Cir. 2000) (holding that internal employee who was not required to be interviewed was not similarly situated to outside applicant who performed poorly on interview).

Plaintiff contends the outside-applicant-current-employee distinction is superficial and that a reasonable fact-finder could conclude from CDW's hire that Sandia's below-minimum GPA explanation was pretext. We disagree. The fact that CDW was an existing employee is a relevant distinction, *see id.*, as are her demonstrated intellectual competence and significant relevant job experience, *Kendrick*, 220 F.3d at 1232 (holding that work histories and relevant employment

circumstances should be considered in determining whether two employees are similarly situated).

Plaintiff also contends the district court erred in accepting Sandia's Selection Justification Memo as evidence because it was merely a subjective recommendation, not evidence of why the actual decisionmakers hired CDW. We do not consider this argument, because it is raised for the first time on appeal.[1] *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (observing general rule that appellate court will not consider an issue not passed upon by district court). We agree with the district court that plaintiff failed to show he was similarly situated to CDW.

*Pretext as to Application of 80/20 Policy*. Plaintiff's remaining claims of error relate to the district court's finding that plaintiff did not raise any issue of genuine fact on the issue of pretext with respect to Sandia's 80/20 policy. He first asserts that the district court erred in allowing affidavits from Sandia's hiring officials who testified that, well before plaintiff submitted his resume, supervisors

---

[1] Contrary to 10th Cir. R. 28.2(C)(2), plaintiff fails to indicate where he raised this issue before the district court. *Id.* ( "For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on."). We are able to find only a vague comment by plaintiff's counsel to the court, certainly not in the form of an objection, that the Selection Justification Memo is not dated. Aplt. App. at 275. We therefore decline to consider this argument. *See State Ins. Fund v. Ace Transp. Inc* ., 195 F.3d 561, 564 n.3 (10th Cir. 1999); 10th Cir. R. 10.3(B).

had informed them that Sandia had discontinued applying the 80/20 policy to the position sought by plaintiff. The district court ruled that these affidavits were not inadmissible hearsay, as argued by plaintiff, because they were not admitted for the truth of the matter, but rather as evidence of the hiring officials' belief and understanding that the 80/20 policy did not apply to plaintiff's application. Plaintiff contends on appeal this distinction is academic, and argues, for the first time on appeal, that this evidence was unduly prejudicial under Fed. R. Civ. P. 403. We find no abuse of discretion in the district court's consideration of this evidence. *See In re Durability Inc.,* 212 F.3d 551, 555 (10th Cir. 2000).

Further, we agree with the district court, for the reasons thoroughly stated in its order, that plaintiff did not create a genuine issue of material fact controverting Sandia's evidence that the 80/20 policy was not applied to him. Sandia presented uncontroverted evidence that all of those involved in the hiring process believed Sandia's 80/20 policy did not apply to the position sought by plaintiff, did not consider this policy when considering plaintiff's applications, and rejected his applications because he lacked the relevant job experience and did not meet the minimum GPA. "To show pretext, the plaintiff must call into question the honesty or good faith" of the employer's assessment of the situation. *Exum v. United States Olympic Comm.*, 389 F.3d 1130, 1137 (10th Cir. 2004); *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1318 (10th Cir. 1999),

*abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ("The relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good faith upon those beliefs.").

Lastly, plaintiff contends the district court committed reversible error when it noted evidence that Sandia did hire workers in the protected over-forty age group. The district court did not, as argued by plaintiff, rely on this as evidence that Sandia's explanation for not hiring plaintiff was not pretextual. Rather, the district court merely commented on this evidence in the context of plaintiff's claim that there was statistical evidence that Sandia still applied the 80/20 policy when it considered his application.

In summary, we conclude from our review of the evidence that plaintiff did not carry his burden of showing that Sandia's proffered reasons for not hiring him were unworthy of belief. The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge